(110 App. Div. 809.)

## OLMSTEAD v. RAWSON.

(Supreme Court, Appellate Division, Third Department. January 8, 1906.)

1. COVENANTS—BREACH—FAILURE OF TITLE TO PART OF PROPERTY CONVEYED.

Where the title to a divided part of real property conveyed with covenants of warranty fails and the grantee is evicted, the covenantor is liable on his covenants to the extent only of that proportion of the whole purchase price that the value of the part to which the title has failed bears to the value of all the property sold.

[Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Covenants, § 253.]

2. SAME—RIGHT OF COVENANTOR TO DEMAND RECONVEYANCE ON TENDERING
BACK THE PRICE.

The covenantor, on the failure of the title to a divided part of the real
property sold, cannot, as a matter of right, demand a reconveyance of
the property on tendering back the amount of the purchase price.

3. SAME—NOTICE TO MAINTAIN OR DEFEND TITLE—EFFECT ON LIABILITY.

Where the grantee of real property in a deed containing covenants
as to title and quiet enjoyment gave notice to his covenantor of a
suit that had ·been brought for an outstanding dower interest, and re-
quested him to defend the action, which he failed to do, the covenantor
was bound by the proceedings and judgment in such action, in the absence
of any showing of bad faith.

[Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Covenants, § 100.]

4. APPEAL—HARMLESS ERROR—ADMISSION OF EVIDENCE NOT AFFECTING JUDG-
MENT.

Where it is apparent that the admission of evidence did not materially
affect the conclusions of the court, the judgment will not be reversed by
reason of the rulings relating to such evidence.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error,
§§ 4033, 4153, 4160.]

Appeal from Trial Term, Fulton County.

Action by John Wright Olmstead against Edmund G. Rawson to
recover damages for breach of covenants contained in a deed. From a
judgment for plaintiff, defendant appeals. Affirmed.

On the 15th day of May, 1894, at a sheriff's sale, held by virtue of an execu-
tion issued against one Stephen E. Rhodes in an action in which the defendant
in this action was the plaintiff, the defendant in this action purchased all the
right, title, and interest which said Stephen E. Rhodes had in lot 70, the E. ½
of lot 71, and lots 108, and 109, in Benson township, in the county of Hamilton,
and on the 10th day of February, 1896, took a deed from the sheriff therefor.
On the 13th day of January, 1902, the defendant and his wife conveyed said
lands so described in the deed from the sheriff to the plaintiff, John W. Olm-
stead, and said defendant by said deed covenanted that the grantor should
quietly enjoy the said premises, and that he would forever warrant the title
thereto. The plaintiff, soon after taking said deed, ascertained that the state
of New York claimed to be the owner of lot 109, and he demanded of the de-
fendant the repayment of $400, which was his estimate of the value of lot 109.
The defendant offered to return to the plaintiff $1,100, if he would reconvey to
him all the lots as described in said deed within 10 days. No reply was
made to such offer. The plaintiff was not then aware that there was an out-
standing dower interest in said lots. On the 26th day of May, 1903, one Sarah
E. Rhodes, alleging that she was the widow of one Thomas J. Rhodes, the
grantor of said judgment debtor, Stephen E. Rhodes, brought an action against
the plaintiff in this action, claiming dower in said lots and demanding that her
said dower be admeasured. On the 2d day of June, 1903, the plaintiff served
upon the defendant a copy of the summons and complaint received from said
Rhodes, with a notice in which he said: "I hereby request you to defend said
action at your own expense and cost; for, if I am liable at all, it is only sec-
ondarily, you being primarily liable, and that I claim to be indemnified and
held harmless by you." No response was made to this notice, and issue was
joined in the action brought by Rhodes by the service of an answer on behalf
of the plaintiff in this action. The plaintiff Rhodes in her action duly filed a
consent to accept a gross sum in full settlement and discharge of her right of
dower in said lots; but no application for leave to pay the same was made, and
a trial of the issues was had and the court found that the plaintiff was en-
titled to dower in said lots 70, the E. ½ of lot 71, and in said lot 108, but that
said lot 109 was not owned by said Thomas J. Rhodes in his lifetime, and that
the plaintiff in that action was not entitled to dower therein. The court found
that a distinct parcel of the real property could not be admeasured and laid
off,·and directed a sale of the real property. A sale was had under the in-

terloctory judgment, and the lots were purchased by one McCuen. From the proceeds of sale, which was confirmed by the court, the costs, fees, and gross sum in satisfaction of plaintiff's dower were paid, and there remained $14.09, which was paid over to the plaintiff in this action. The present action was commenced to recover damages for said breach of the covenants contained in the defendant's deed, and the court has found that the plaintiff is entitled to recover the full amount of the purchase price of said lots, together with in- terest and costs, amounting in all to $1,549.84 less $14.00 received by the de fendant on the sale of said lots. It is from the judgment entered upon such findings that this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and KELLOGG, JJ.

Rockwood & Salisbury (Nash Rockwood, of counsel), for appellant. Fred Linus Carroll, for respondent.

CHASE, J. Where the title to a divided part of real property con- veyed with covenants of warranty and quiet enjoyment fails, and the grantee is evicted therefrom, the covenantor is liable on the covenants of warranty and quiet enjoyment to the extent only of that proportion of the whole purchase price that the value of the part to which the title has failed bears to the value of all the property sold. Sweet v. Howell, 96 App. Div. 45, 89 N. Y. Supp. 21. The covenantor, on the failure of the title of a divided part of the premises sold, cannot, as a matter of right, demand the reconveyance of the real property on tendering back the amount paid therefor. The payment for said lots was $1,100, and interest thereon from a time prior thereto, when the contract for the conveyance of said lots was first made, making the total payment $1,183.30, while the offer of the defendant to repay to the plaintiff the purchase price of said lots was limited to $1,100, without including therein the interest added thereto from a time prior to the conveyance by him or interest thereon subsequent to the con- veyance. The offer was insufficient, even if the plaintiff was willing to reconvey the lands so as to leave each of the parties to the con- veyance in the same position that he was in before the sale; but the plaintiff may have preferred to keep the lots other than lot 109, and, if the failure of title did not apply to all of said lots, he had a right to retain the lots to which title was found to be good, and ask the defend- ant to repay him under the covenant of warranty and quiet enjoy- ment that part of the purchase price applicable to lot 109 as stated. No bad faith is shown in the conduct of the action by said Rhodes to re- cover her dower or in the sale pursuant to the interlocutory judgment in that action; and, in the absence of bad faith, the defendant is bound by the proceedings and judgment in that action so far as he had notice thereof by the complaint, a copy of which was served upon him by the plaintiff in this action. It was necessary in the action for dower to determine to what extent the plaintiff therein was entitled to dower in the property, if at all, and the plaintiff in this action was justified in defending said action and in submitting to the court every question relating to the allegations of her complaint, particularly in view of the fact that the defendant's attorney herein had served upon the plain- tiff a notice, saying, among other things, that the defendant felt "com-

pelled to say that he would be reluctantly compelled to defend himself against any action you may bring against him."

Plaintiff could not have settled with Rhodes before judgment in her action without being compelled to establish at his peril the necessity therefor in any action that he might bring against the defendant upon the covenants in the said deed. After the notice served by plaintiff on the defendant to defend the Rhodes action, it was as much the duty of the defendant as of the plaintiff to take advantage of the offer made by her to accept a gross sum in payment of her dower, and have the same ascertained and paid in advance of the interlocutory judgment and the sale in that action. On the trial the plaintiff did not rely upon the finding in the Rhodes action that the defendant did not have title to lot 109 when he conveyed it to the plaintiff, but he gave other evidence from which the court could and did find that the state of New York had paramount legal title thereto and possession thereof. The plaintiff having been evicted from said lot 70, the E. ½ of lot 71, and lot 108, and the state of New York being in possession of lot 109 under paramount title to that of the plaintiff, the judgment against the defendant for the purchase price paid by him for said lots, with interest, and certain costs in the action for dower, must be affirmed unless some error was committed on the trial.

Defendant claims that it was error for the court to allow testimony as to the value of lot 109, and that the testimony should have been confined to questions relating to the proportion which the value of that lot bears to the value of all the lots conveyed. Defendant's objections to the questions relating to the value of such lots were so general that we do not think the trial court was fairly apprised of the defendant's claim as to such evidence. As we have seen, judgment was rendered for the full amount of the purchase price of all the lots less the $14.09, consequently the evidence relating to the value of lot 109 did not affect the conclusions of the court, except in the computation of interest. The judgment herein should not be reversed by reason of the rulings relating to such evidence.

The defendant insists that McCuen in purchasing the lots at the sale in the Rhodes action acted for the plaintiff, and that the plaintiff is the equitable owner thereof. The action was tried before the court without a jury, and it has found against the defendant's contention, and we do not think that the findings of the trial court relating thereto are against the weight of evidence, or that there are any errors in the admission or rejection of testimony relating to plaintiff's alleged equitable ownership in said lots of sufficient importance to reverse the judgment.

The judgment should be affirmed, with costs. All concur.