[No. 33739.   Department Two.   December 4, 1956.]

TED ANDERSON *et al., Plaintiffs*, H. O. FITCH *et al., Appellants*, v. THE PORT OF SEATTLE *et al., Respondents*.[1]

[1]Reported in 304 P. (2d) 705.

*Breskin & Hilyer,* for appellants.

*Bogle, Bogle & Gates, Tom M. Alderson, J. Kenneth Brody,* and *George N. Prince,* for respondent port of Seattle.

*Holman, Mickelwait, Marion, Black & Perkins (J. Paul Coie), Graham, Green & Dunn,* and *Karr, Tuttle & Campbell,* for respondents Pacific Northern Airlines, Inc., *et al.*

Rosellini, J.—The appellants are six of the named plaintiffs, H. O. Fitch, Kermit L. Harvey, Fannie Minshall, Daniel C. Hart, A. V. Holcomb, and Mark B. Walker. They appeal from a summary judgment entered against them in consolidated actions brought on the theory that their properties had been taken and damaged under color of the power of eminent domain without just compensation having been first made.

It was alleged in the complaints that the respondent port of Seattle, a municipal corporation (hereinafter referred to as the port), owns and operates an airport adjacent to the properties of the appellants; and that airplanes of the respondent airlines (hereafter referred to as the airlines), in landing and taking off from the airport, fly at altitudes of less than five hundred feet over these properties, damaging the appellants in the use and enjoyment of their premises. It was alleged that the actions of the respondents had reduced the rental value and the market value of the appellants' properties.

The court was asked to determine the liability of the various respondents and enter judgment either jointly and severally or apportion the judgments according to the respective liabilities of the respondents, in the amount of eighty per cent of the rental value from and after June 15, 1952, to date of trial, and eighty per cent of the market value of their properties. It was further alleged in the complaints that on or about November 1, 1955, the port had purchased the properties in question from the appellants.

The port moved for summary judgment, filing affidavits

which showed that the properties in question had been appraised at their fair cash market value based upon their highest and best use, with no allowance for depreciation due to the proximity of the airport and the operations conducted thereon; that the appellants had been offered these prices, had accepted them, and had been paid. The airlines moved for summary judgment on the same facts. In their controverting affidavits, the appellants alleged that, in accepting these purchase offers, they had not relinquished any of their rights to pursue their remedies for past damages.

The court determined that, having received the fair cash market value of their properties, without depreciation on account of the respondents' acts, the appellants had elected to treat the taking as permanent in nature, and that therefore they were not entitled to recover in addition the lost rental or use value, which is the measure of damage when the taking or damaging is temporary; and further, that having been made whole by the payment by the port, they were not entitled to further compensation from the other respondents.

■ The taking or damaging of land to the extent reasonably necessary to the maintenance and operation of other property devoted to a public use, is a taking or damaging for a public use and subject to the provisions of Art. I, § 16 (amendment 9) of the state constitution. *Boitano v. Snohomish County*, 11 Wn. (2d) 664, 120 P. (2d) 490. The parties are agreed that the effect of the airport operation on the appellants' properties was such a taking or damaging.

■ This court has repeatedly recognized that the measure of compensation for such a taking or damaging is dependent upon the nature of the injury, whether it is permanent or temporary. In *Messenger v. Frye*, 176 Wash. 291, 28 P. (2d) 1023, a case involving the diversion of waters on the plaintiff's land, we said:

"Where a trespass has resulted in permanent or irreparable injury the proper measure of damages is the difference between the value of the land before the trespass and immediately after. But where the injury is not permanent

and the premises may be restored to their original condition, a different rule prevails. In the latter case, the measure of damages is the reasonable expense of restoring the land and the loss of income pending such restoration within a reasonable time."

This statement of the law was quoted and adopted in *Harkoff v. Whatcom County*, 40 Wn. (2d) 147, 241 P. (2d) 932. In that case, as in this, the plaintiffs sought compensation for damages to their land which resulted from acts of the defendant county which amounted to a taking or damaging for public use.

That the injury complained of is permanent in nature, there can be no question. The Seattle-Tacoma airport is not a temporary installation, and planes will inevitably fly at low altitudes over the land formerly owned by the appellants. In *Aliverti v. Walla Walla*, 162 Wash. 487, 298 Pac. 698, we held that a complaint, seeking damages which resulted from a city's maintenance of a sewage disposal plant in the proximity of residence property, correctly alleged that the damage was permanent in nature. The measure of damages applied was the depreciation in market value of the property.

The appellants have received compensation for the depreciation of their properties, but they insist that they are also entitled to recover temporary damages. They cite authorities which hold that, where a corporation vested with the power of eminent domain takes possession of private property in advance of condemnation proceedings, it cannot insist that the compensation awarded in the condemnation proceedings be fixed as of the date of the unlawful entry. 4 Nichols, Eminent Domain (3d ed.) 47, § 12.23 (3); 29 C. J. S. 1072, § 185. We have no quarrel with the rule stated therein. However, it pertains to the time at which damages will be appraised, not the measure of damages.

Likewise, as the appellants point out, the action of trespass is an appropriate remedy where an entry has been made before the right to enter has been perfected in the manner provided by law. But this fact does not affect the

measure of damages nor give the appellants the right to recover on two inconsistent theories.

■ The present action is brought on the theory that there has been a continuing trespass which amounted to a taking of the appellants' properties. Assuming that the port had not purchased the properties during the pendency of the suit, if the appellants were allowed to recover the depreciation in market value, would they seriously contend that in a later condemnation action, they could again recover the undepreciated value? Clearly, this would amount to a double recovery; and just as clearly, if the appellants are allowed to maintain that the injury to their properties was temporary prior to the institution of their suit and permanent thereafter, they will be more than compensated for their loss. The trial court correctly held that the appellants had been fully compensated for the permanent damage to their properties and could not claim temporary damages for the same injuries.

■■ The appellants urge that, if they are not entitled to recover the lost rental value of their properties, they are entitled to interest on the purchase price from and after June 15, 1952. Had the appellants pursued their suit to judgment and received an award, this argument might be appropriate. However, they elected to settle the amount of their damages by contract, and are concluded thereby. The contract contained no provision for the payment of interest, and the purchase price has been paid. The rule is well settled that, where interest is recoverable only as damages, once the principal debt has been paid, interest can not be recovered in a separate action. *Stewart v. Barnes*, 153 U. S. 456, 38 L. Ed. 781, 14 S. Ct. 849.

The judgment is affirmed.

DONWORTH, C. J., MALLERY, HILL, and WEAVER, JJ., concur.