[No. 35242. Department Two. May 18, 1961.]

CALEB W. BALDWIN et al., *Appellants,* v. ALBERT A. ALBERTI et al., *Respondents.** ·

*Reported in 362 P. (2d) 258.

*Venables, Ballinger & Clark,* for appellants.

*Hall, Cole & Lawrence,* for respondents.

WEAVER, J.—Defendant contracted to build a house for plaintiff on his land. The house was built and plaintiff paid defendant in full for its construction.

The contract provided, among other things:

"The contractor . . . shall remedy any defects due to faulty materials or workmanship which appear within *a period of one year* from the date of completion of the contract." (Italics ours.)

Within a year, numerous defects appeared in the house. In the main, the defects were: (a) the grounds, which had been graded, did not drain properly and caused moisture to collect under the patio and house; (b) a portion of the roof sagged; (c) a concrete wall had not been built properly; (d) certain water pipes, instead of being one inch, were only one-half inch; (e) the septic tank drain field failed to function properly; (f) the garage ceiling light required relocation, an additional electrical switch was necessary, and the garage door had to be rehung.

This is an action for breach of the contract; the defendant did not remedy the defects. *Plaintiff appeals* from a $3,000.96 money judgment in his favor. Defendant neither appeals nor cross-appeals. Liability is not an issue—only the amount of damages.

Plaintiff's eight assignments of error may be classified in three categories: (1) the trial court applied an incorrect rule to determine plaintiff's damages; (2) the evidence does not support the findings of fact; (3) plaintiff is entitled to costs in the trial court.

The amount of plaintiff's judgment is based upon the trial court's finding that this sum is the *reasonable* cost of correcting the defects chargeable to defendant. Plaintiff, on

the other hand, contends that he is entitled to the difference between the value of the house for which he contracted and the value of the house as actually constructed.

■ The term "damages" means the compensation the law will award for an injury done. *State ex rel. Macri v. Bremerton*, 8 Wn. (2d) 93, 101, 111 P. (2d) 612 (1941). In *Spokane Truck & Dray Co. v. Hoefer*, 2 Wash. 45, 25 Pac. 1072 (1891), this court said that

" . . . 'damages are given as a compensation or satisfaction to the plaintiff for an injury actually received by him from the defendant. They should be precisely commensurate with the injury, neither more nor less; and this whether it be to his person or estate' . . ." (p. 51)

■ The purpose of money damages is to put the injured party in as good a position as that in which full performance would have put him.

The rule applicable to the instant case is succinctly stated in 1 Restatement, Contracts, § 346:

"§ 346. Damages for Breach of a Construction Contract. (1) For a breach by one who has contracted to construct a specified product, the other party can get judgment for compensatory damages for all unavoidable harm that the builder had reason to foresee when the contract was made, less such part of the contract price as has not been paid and is not still payable, determined as follows:

"(a) For defective or unfinished construction he can get judgment for either

"(i) the reasonable cost of construction and completion in accordance with the contract, if this is possible and does not involve *unreasonable economic waste*; or

"(ii) the difference between the value that the product contracted for would have had and the value of the performance that has been received by the plaintiff, if construction and completion in accordance with the contract would involve *unreasonable economic waste*." (Italics ours.)

"*Comment on Subsection* (1a)," following the above-quoted section of the Restatement, states:

" . . . Sometimes defects in a completed structure cannot be physically remedied without tearing down and rebuilding, at a cost that would be imprudent and unreasonable. The law does not require damages to be measured

by a method requiring such economic waste. *If no such waste is involved, the cost of remedying the defect is the amount awarded as compensation for failure to render the promised performance."* (Italics ours.)

■ In the instant case, the evidence discloses, and the trial court found, that the defects could be "adequately and reasonably" repaired. In other words, the court found that the defendant substantially performed the contract and that the defects could be repaired without unreasonable economic waste; hence, our disposition of this case is controlled by the rationale of 1 Restatement, Contracts, § 346 (a)(i), quoted *supra,* and *Bernbaum v. Hodges,* 43 Wn. (2d) 503, 261 P. (2d) 968 (1953), and cases cited. See *Odgers v. Held, post* p. 247, 362 P. (2d) 261 (1961). We conclude that the trial court applied the proper rule for the determination of damages.[1]

■ The testimony is conflicting in many areas; it appears, however, that the court's findings of facts are within the ambit of the evidence. We cannot disturb them. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn. (2d) 570, 343 P. (2d) 183 (1959).

■ Plaintiff prevailed in the trial court. He was entitled to judgment for his statutory costs (RCW 4.84.030), and it was error to disallow them.

The judgment is affirmed except plaintiff will recover costs in the trial court. Each party will bear his costs on appeal. Rule on Appeal 55(b)(1), effective January 2, 1961, RCW, Vol. 0.

It is so ordered.

FINLEY, C. J., HILL, ROSELLINI and FOSTER, JJ., concur.

---

[1]Annotation: "Cost of correction or completion, or difference in value, as measure of damage for breach of construction contract." M. W. Moldoff, 76 A. L. R. (2d) 805 (1961).