[No. 37822.   Department One.   October 28, 1965.]

GLENN E. GRANT et al., *Respondents*, v. ROY J. LEITH et al., *Appellants*.*

*Evans, McLaren, Lane, Powell & Moss, Frank W. Draper* and *Thomas S. Zilly*, for appellants.

*Matsen, Clark, Cory & Matsen*, by *Newman H. Clark*, for respondents.

OTT, J.—This is an appeal from an award in damages for the removal of lateral support from residential property. The cause was tried to the court, which awarded damages to respondents (plaintiffs) in the sum of $21,757.10. The appellants contend that the court's award was excessive in the amount of $10,674.60.

The evidence established that the respondents owned two adjoining residential building lots which, for clarification, are designated as Parcel A, upon which their residence and a tool shed were built, and Parcel B, upon which were yard

*Reported in 407 P.2d 157.

improvements, a garage, driveway, sidewalk, shrubbery, and picket fence.

It was stipulated that the value of Parcels A and B, with all improvements, was $43,300 before the slide caused by appellants' removal of the lateral support. The trial court itemized the damages as follows:

| | |
|---|---|
| Loss of building site, as stipulated [Parcel B], | $8,362.50 |
| Loss of two-car, brick garage, | 1,620.00 |
| Loss of concrete driveway, | 480.00 |
| Repairs made to interior of dwelling, | 500.00 |
| Repairs, required to dwelling and its foundation, | 600.00 |
| Expended for yard dirt and bulldozing, | 244.60 |
| Additional dirt and leveling required, | 400.00 |
| Yard improvements, picket fence, sidewalk, lawn and shrubs, | 1,000.00 |
| Loss of use value, storage shed, | 150.00 |
| Permanent, irreparable damage and depreciation to property, | 5,600.00 |
| Expense to bring rockery to ground level | 2,800.00 |
| Total Permanent loss in value and damage, | $21,757.10 |

The appellants assign error to the court's allowance of the following items:

| | |
|---|---|
| Loss of concrete driveway, | $480.00 |
| Expended for yard dirt and bulldozing, | 244.60 |
| Additional dirt and leveling required, | 400.00 |
| Yard improvements, picket fence, sidewalk, lawn and shrubs, | 1,000.00 |
| Loss of use value, storage shed, | 150.00 |
| Permanent, irreparable damage and depreciation to property, | 5,600.00 |
| Expense to bring rockery to ground level | 2,800.00 |
| | $10,674.60 |

A measure of damages for loss of lateral support to one's property is the cost of restoration to its value prior to removal of the support. See *Baldwin v. Alberti*, 58 Wn.2d 243, 362 P.2d 258 (1961). In the event the cost of restoration is in excess of the value of the property before the slide, or otherwise prohibitive, then the measure of damages is the difference in market value before and after the taking or invasion. *Anderson v. Port of Seattle*, 49 Wn.2d 528, 304 P.2d 705 (1956); *Hogland v. Klein*, 49 Wn.2d 216,

298 P.2d 1099 (1956); *Kincaid v. Seattle*, 74 Wash. 617, 134 Pac. 504, 135 Pac. 820 (1913).

The appellants contend that, in applying these rules, the court erroneously awarded double damages.

With reference to Parcel B, the parties stipulated that its value before the slide was $8,362.50, and that, after the slide, it was a total loss as a building site. The court awarded the stipulated amount.

After awarding as damages the stipulated value of Parcel B, the court granted an additional $1,000 for the picket fence, shrubbery, sidewalk, lawn, and yard improvements on Parcel B.

The appellants assert that this item of damages is included in the total award for Parcel B and constitutes double damages. The stipulation contained no exception. We must therefore assume that the enumerated improvements on Parcel B were included in the stipulated value. The $1,000 constituted a double award. (The depreciated value of the brick garage located on Parcel B was determined to be $1,620. Since no appeal was taken from this award, we assume that the value of the garage was not included in the stipulated before and after value of Parcel B.)

With reference to Parcel A, the court allowed as damages the following reasonable restoration costs:

| | |
|---|---:|
| Repairs made to interior of dwelling, | $500.00 |
| Repairs required to dwelling and its foundation, | 600.00 |
| Expended for yard dirt and bulldozing, | 244.60 |
| Additional dirt and leveling required, | 400.00 |
| Expense to bring rockery to ground level | 2,800.00 |
| | $4,544.60 |

Appellants assert that the expenditures for additional fill dirt, leveling, and raising the rockery to ground level constituted restoration expense for Parcel B for which a full award had been granted, as stipulated. We do not agree. The ground on Parcel B, prior to the slide, furnished all of the support for Parcel A. The trial court found that the questioned expenditures on Parcel B were necessary to provide lateral support to restore Parcel A to its stability

before the invasion. These findings are supported by the evidence.

After awarding the full cost of the restoration of Parcel A, the court awarded $5,600 as permanent, irreparable damage and depreciation to Parcel A. The testimony to support this item was supplied by an appraiser who stated that, because this lot and the residence had suffered damage due to a slide, evidenced by cracks in the walls and cement foundation, the sale and loan value was thereby depreciated to the extent of 16 per cent of the before value of the property.

■ Although all of the testimony established that the itemized expenditures would accomplish full restoration of lateral support to Parcel A, nevertheless, Parcel A was shown to have a permanently depreciated value occasioned by the invasion. Upon conflicting evidence, the trial court awarded this item of damages. The amount to be awarded for depreciation is not subject to exact determination. Difficulty in determining the amount of the award does not defeat recovery. *Brear v. Klinker Sand & Gravel Co.*, 60 Wn.2d 443, 374 P.2d 370 (1962).

Appellants contend that this award was predicated upon sheer speculation. The evidence upon which the trier of the facts relied was that the depreciated value was currently present, and a direct result of the invasion.

We conclude that the award of $5,600 for irreparable damages and permanent depreciation is sustained by the evidence.

Appellants next assert that the award for loss of use value of the storage shed on Parcel A, in the sum of $150, was erroneous because the shed was not damaged in any particular as a result of the slide. With this contention, we agree.

Finally, the court allowed $480 as the cost of a new driveway to be constructed on Parcel A. The former driveway was located on Parcel B. As previously stated, the improvements on Parcel B were fully compensated in the stipulated award. We agree that the award for a new driveway constituted a double allowance.

To recapitulate, we find merit in appellants' contention that the court erred in granting the following awards:

| | |
|---|---|
| Yard improvements, picket fence, sidewalk, lawn and shrubs, | $1,000.00 |
| Loss of use value, storage shed, | 150.00 |
| Loss of concrete driveway, | 480.00 |
| | $1,630.00 |

The cause is remanded with instructions to reduce the judgment in the sum of $1,630. As so modified, the judgment is affirmed. The appellants will recover costs.

HILL, HUNTER, and HALE, JJ., and LANGENBACH, J. Pro. Tem., concur.

March 7, 1966. Petition for rehearing denied.