[No. 39116.   Department One.   December 21, 1967.]

ROBERT J. McCOY, *Appellant,* v. LINN EMRICH *et al.,*
*Respondents.**

*Guttormsen, Scholfield, Willits & Ager,* by *Jack P. Schol-field,* for appellant.

*Jarvis, Kelleher, Allen, Skellenger & Bovy,* by *Richard Kelleher,* for respondents.

ROSELLINI, J.—This is an action for damages for removal of lateral support. The evidence showed that the defendant owned land adjoining land belonging to the plaintiff (Lot 23, Block F, Mercerwood Division No. 3, Mercer Island, Washington). The defendant, in order to construct a street or alley on his adjoining land, made a cut and excavation, removing quantities of earth and changing the land adjoining the eastern end of plaintiff's lot from its natural condition of a gradual slope, to a bank having an angle of repose of approximately 45 degrees and ranging in height from 5 to 8½ feet. At the time of the trial, there had been no subsidence of the plaintiff's land, but he introduced testimony by an engineer that a slide could possibly occur and that a wall costing approximately $5,804 would be necessary to remove that possibility.

*Reported in 435 P.2d 550.

The only evidence offered by the plaintiff concerning the effect of the excavation on the market value of his land was his own testimony. He stated that, in his opinion, the market value of his land had been reduced from $11,500 to $5,800. The land in question was unimproved at the time of the trial.

A real estate appraiser testified in behalf of the defendant that the market value of the land had not been affected by the excavation. The trial court accepted this testimony as the only credible testimony on the question of the effect upon the market value of the land and gave judgment for the defendant. The trial court also found, admittedly unnecessarily, that the plaintiff was estopped from bringing the action by his conduct while the excavation was being made.

We will assume that, as the plaintiff contends, the trial court was in error in making a finding of estoppel. Nevertheless the judgment must be sustained. The correct measure of damages was applied.

■ The measure of damages is not, as the plaintiff theorizes, the cost of restoring the land to its former condition, but rather is the cost of restoration to its value prior to the removal of the support. *Grant v. Leith*, 67 Wn.2d 234, 407 P.2d 157 (1965) and cases cited therein. Since the trial court found, upon substantial evidence, that there had been no reduction in market value, the cost of such restoration was nil.

The appraiser's testimony and the trial court's finding are in harmony with the law which is applicable to the facts of this case but which was not relied upon by the defendant. Under the applicable law, the plaintiff is not without a remedy if a subsidence of his land should occur as a result of excavation. He has simply brought his action prematurely.

■ It is the law in this jurisdiction that a cause of action for removal of lateral support arises when the damage occurs and not when the excavation is made. *Smith v. Seattle*, 18 Wash. 484, 51 Pac. 1057 (1898). The case was

cited with approval as recently as 1949, in the case of *Theurer v. Condon,* 34 Wn.2d 448, 209 P.2d 311 (1949). It is cited in 1 Am. Jur. 2d *Adjoining Landowners* § 69 (1962) at 740 (note 2), in support of that encyclopedia's statement that this is the general rule. We are also in accord with the rule stated in Restatement of Torts § 817, comment *i* at 193:

> *Liability is for subsidence.* The withdrawal of the naturally necessary lateral support (Comments *c* to *g*) subjects the actor to liability (§ 5, vol. I) but does not make him liable in an action for damages unless, and until, a subsidence occurs. . . . The statute of limitations does not begin to run until a subsidence occurs, and it runs then only for that subsidence. The actor continues subject to liability for a further distinct subsidence although it flows from the same act.

In *Hamm v. Seattle,* 156 Wash. 274, 278-79, 286 Pac. 657 (1930), this court held that, where the admissions of the plaintiff in the pleadings and opening statement of counsel showed that there had been no subsidence of the plaintiff's land during the period of limitations, the complaint should be dismissed. The opinion says:

> No decision has been brought to our attention awarding recovery of damages rested upon a mere threat or probability of removal of lateral support. Our decision in *Marks v. Seattle,* 88 Wash. 61, 152 Pac. 706, plainly recognizes it to be the law that no cause of action for damages arises for or in connection with the removal of lateral support until such removal has actually occurred, to the extent of physically disturbing the property. This is not a case of physical invasion of or interference with appellants' property; nor is it a case of interference with access to appellants' property; nor is it a case of the casting of fumes, smoke, cinders, sawdust or other offensive or damaging physical emanations over appellants' property.

In this case, the only physical invasion of the plaintiff's property consisted of the removal of a small amount of dirt to complete the angle of repose, and no damages were asked for this nominal invasion.

As in the case of *Hamm v. Seattle, supra,* there has been no authority cited which would support a contention that a

suit for removal of lateral support can be maintained before a subsidence. On the contrary, in each of the cases cited by the plaintiff on this subject, there had been an actual subsidence of the plaintiff's land.

The fact that the plaintiff in this case was unable to prove damage demonstrates the validity of the rule that a cause of action does not arise in a case such as this until there has been a subsidence of the plaintiff's land. When and if such a subsidence occurs, the plaintiff will have his remedy.

The judgment is affirmed.

FINLEY, C. J., WEAVER and HALE, JJ., and LANGENBACH, J. Pro Tem., concur.

February 8, 1968. Petition for rehearing denied.