IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| RUSSELL AND DIANE TAYLOR, husband and wife, | ) ) ) | No. 31917-2-III |
| Appellants, | ) ) ) | |
| v. | ) ) | |
| MATTHEW S. CALENE d/b/a American Sprinkler and Landscape, and OLD REPUBLIC INSURANCE COMPANY, BOND ACCOUNT NUMBER FB4371, | ) ) ) ) ) | UNPUBLISHED OPINION |
| Respondent. | ) ) ) | |

KORSMO, J. — After moving into a house built by Matthew Calene, Russell and Diane Taylor contracted with Mr. Calene to landscape the yard. Being disappointed with the work done, the Taylors unsuccessfully brought suit against Mr. Calene for breach of contract and warranty with enhanced damages under the Consumer Protection Act. Because the record supports the trial court's determinations, we affirm.

FACTS

In May 2010, the Taylors contracted with Mr. Calene to landscape the back and side yards of their newly purchased home in Clarkston at a price of $18,050. The work included building several retaining walls, pouring concrete steps, building a vinyl fence

around the yard with concrete curbing, installing sprinklers, building an outdoor fire place, pouring a cement parking area, and preparing planters and garden space.

After Mr. Calene finished the job, the Taylors refused to make further payments on the contract because they were dissatisfied due to a number of deficiencies in the fencing and curbing, as well as a bulge in one of the retaining walls. The Taylors sued Mr. Calene, alleging that his work violated an implied warranty to meet the standard of practice for the trade. They sought total damages of more than $22,000 to remove and replace the fence and retaining walls. They also claimed a per se violation of the Consumer Protection Act (CPA), arising because Mr. Calene was not bonded at the time he worked on their yard, in violation of the Contractor Registration Act (CRA). Chapter 19.86 RCW; Chapter 18.27 RCW.

At trial, the Taylors presented testimony by three expert witnesses, dealing respectively with deficiencies in the fence, the concrete curbing, and the retaining walls. The fencing expert testified to a number of esthetic deficiencies, and stated that he could not repair them because he would then be unable to warranty the job. The concrete expert similarly testified to cosmetic deficiencies, stating that he could not repair the curbing because he did not know how it had been installed. Finally the expert on retaining walls testified that a portion of the wall was in failure and needed to be repaired, but that the entire wall should be rebuilt to guard against future failure.

2

Conversely, the defense expert testified that Mr. Calene's performance was not deficient, but merely inferior craftsmanship. He noted that Mr. Calene charged less than half what the plaintiff's experts quoted to do the same jobs. He testified that the fence and curbing were otherwise structurally sound. The defense conceded that incorrect latches were used on the gate and that a portion of the retaining wall was in failure.

The trial court found that the deficiencies related to levels of craftsmanship rather than deficient performance and found Mr. Calene liable to replace the gate latches and repair the retaining wall. However, because the amount owed on the contract to Mr. Calene exceeded the damages owed the Taylors, the trial court concluded that there was no prevailing party. It also rejected the Taylors' CPA claim because there had been no prosecution under the CRA.

The Taylors timely appealed to this court.

## ANALYSIS

The Taylors present two issues, which we address in order: whether the trial court correctly determined that there was no prevailing party and whether the trial court erred in rejecting their claim to damages under the CPA.

*No Prevailing Party*

Generally, a prevailing party is one against whom no affirmative judgment is entered. *Andersen v. Gold Seal Vineyards, Inc.*, 81 Wn.2d 863, 868, 505 P.2d 790 (1973). The trial judge declined to enter a judgment for either party after finding that the cost to

3

repair the defects was offset entirely by the debt remaining. Thus, the only matter at issue here is whether those findings were supported by the evidence presented. Where the trial court has weighed the evidence, review of factual findings is limited to determining whether those findings are supported by substantial evidence. *Holland v. Boeing Co.*, 90 Wn.2d 384, 390, 583 P.2d 621 (1978). "Substantial evidence" is that evidence which "would persuade a fair-minded person of the truth or correctness of the matter." *Smith v. Emp't Sec. Dep't*, 155 Wn. App. 24, 32-33, 226 P.3d 263 (2010).

Here, the record was replete with evidence of cosmetic flaws in the fence and concrete curbing. However, there was consensus among the experts that the structure was sound, as well as evidence that it was unnecessary to replace the fence and curbing. Similarly, the record contains ample evidence that a portion of the retaining wall needed to be repaired, but that the wall as a whole was not improperly built. Thus, substantial evidence supports the trial court finding that the fence and retaining wall needed to be repaired rather than replaced. The only evidence of repair costs are in the amounts of $876 to repair the compromised portion of the retaining wall and $300 to replace the incorrect gate latches. Thus, the finding of compensation owed to the plaintiff of $1,176 is well supported by the evidence.

Turning to the offset, it is well settled that Washington applies the rule in the *Restatement of Contracts* § 346 (1932) under which a party can get judgment for compensatory damages, less the part of the contract price that has not been paid.

4

*Baldwin v. Alberti*, 58 Wn.2d 243, 245, 362 P.2d 258 (1961). The Taylors conceded at trial that they owed a balance of $1,183 on the contract. Compensation of $1,176 less a balance owed of $1,183 is nothing. Accordingly, the record supports the trial court's determination that no affirmative judgment should be entered and that there was no prevailing party.

*Consumer Protection Act*

In order to prevail on a claim under the CPA, a plaintiff must prove (1) an unfair or deceptive act or practice (2) occurring in trade or commerce (3) with a public interest impact, and (4) an injury to the plaintiff in his or her business or property, (5) caused by that act or practice. *Klem v. Wash. Mut. Bank*, 176 Wn.2d 771, 782, 295 P.3d 1179 (2013). The first two elements may be established by a showing that the act or practice constitutes a per se violation of the CPA as established by statute. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 787-88, 719 P.2d 531 (1986). Under the CRA, "the fact that a contractor is *found* to have committed a misdemeanor or infraction under this chapter shall be deemed to affect the public interest and shall constitute a violation of [the CPA]." RCW 18.27.350 (emphasis supplied).

Here, the Taylors claim that Mr. Calene committed a per se violation of the CPA because he was not bonded as required by RCW 18.27.040.[1] However, unlike most per

_____

[1] Mr. Calene disagreed that his bond was not in place. The trial court did not resolve the dispute.

se violations of the CPA, which are defined by the statute at issue, RCW 18.27.350 specifically implicates the CPA only where "a contractor is found to have committed a misdemeanor or infraction under this chapter." *See, e.g.*, RCW 18.28.185; RCW 19.09.340; RCW 19.110.170; RCW 63.10.050. We conclude that this language requires a determination in a prior criminal prosecution or infraction proceeding before it can be asserted as a per se CPA violation. Because there is no evidence in the record of either a misdemeanor conviction or a court finding that an infraction was committed, the trial court properly rejected the Taylors' claim under the CPA.

The judgment is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Brown, A.C.J.

Lawrence-Berrey, J.

6