(96 App. Div. 45.)

### SWEET v. HOWELL.

(Supreme Court, Appellate Division, Third Department. June 30, 1904.)

1. VENDOR AND VENDEE—PARTIAL EVICTION OF VENDEE.

   Where plaintiff purchased a hotel property, and also an easement appurtenant thereto of a right to take water from a spring on lands adjacent, the loss of the right to the spring by foreclosure of a mortgage on the premises on which the spring was located constituted a partial eviction.

2. SAME—MEASURE OF DAMAGES.

   Plaintiff could recover for such partial eviction only such part of the purchase price as bore the same ratio to the whole consideration that the right to which title failed bore to the value of the whole premises; and it was error to instruct that the measure of damages was the difference between the purchase price and the value of the premises without the right to use the spring, and to exclude evidence offered to show the value of the property at the time it was conveyed to plaintiff with the right to the spring, and its value without the right to use the spring annexed.

Appeal from Trial Term.

Action by George B. Sweet against Joseph Howell, administrator of Sophia Howell, deceased. From a judgment for defendant, and an order denying new trial, plaintiff appeals. Reversed.

On April 1, 1896, this plaintiff purchased from one Sophia Howell a hotel property, consisting of about two acres of land, in the town of Hillsdale, Columbia county, and also, as an easement appurtenant thereto, the right to take water from a spring upon lands adjacent to such two acres. Such spring was a large one, furnishing water enough to supply the whole premises with all needed water; and all rights necessary to utilize and maintain the spring were made appurtenant to the hotel property. On such date a full-covenant warranty deed of the said hotel property and water rights and privileges was executed and delivered by her to this said plaintiff. The purchase price of such property was $7,000. Subsequently, and in April, 1899, the plaintiff was wholly evicted from the use and enjoyment of such easement and water rights by the foreclosure and sale thereunder of a certain mortgage, which was a lien upon the premises on which the spring was located, prior and superior to the said Sophia Howell's title. An action was subsequently brought by the plaintiff against his said grantor to recover damages for such eviction,

upon her covenants of seisin and for quiet enjoyment. Upon her death pending the action, the defendant, as her administrator, was substituted as defendant in her stead. The action then proceeded to trial and judgment, and, a verdict having been rendered against him for $2,075.80, damages and costs, he brings this appeal from the judgment entered thereon, and from the order denying a new trial on the minutes of the court.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

J. D. Bell (John Cadman, of counsel), for appellant.
A. Frank B. Chace & Sons, for respondent.

PARKER, P. J.  The plaintiff, having been actually evicted from so much of the property conveyed to him as was included in the easement and water rights described in his deed from Sophia Howell, brings this action for a breach of the covenant of seisin and of warranty for quiet enjoyment which such deed contained. Had the title to the whole of the property therein described failed, and an eviction followed, his measure of damages would have been the $7,000 paid for such premises and interest thereon. Jenks v. Quinn, 61 Hun, 434, 16 N. Y. Supp. 240; Brown v. Allen, 73 Hun, 291, 294, 26 N. Y. Supp. 299, and cases there cited; Utica, C. & S. V. R. R. Co. v. Gates, 8 App. Div. 182, 183, 40 N. Y. Supp. 316. But, the title having failed and an eviction followed to the extent only of a portion of the property so conveyed, the plaintiff can recover such part only of "the original price as bears the same ratio to the whole consideration that the value of the land to which the title has failed bears to the value of the whole premises." Hunt v. Raplee, 44 Hun, 142, 155; Brown v. Allen, 73 Hun, 294, 26 N. Y. Supp. 299; Giles v. Dugro, 1 Duer, 336.

The respondent claims that this rule is not applicable to this case, because it is not one of a "partial eviction." With this claim I cannot agree. The easement from the use of which the plaintiff has been evicted was a part of the real estate conveyed. It formed a material part of the property for which the $7,000 was paid, and by being deprived of its use he has been evicted from a portion of the very real estate that the covenants in such conveyance undertook and promised to secure to him. Therefore the authorities above cited are applicable; and though the rule is an arbitrary one, and in many instances far from just, it seems to be controlling in a case like this. The theory of the rule is that when loss occurs through failure, or a partial failure, of title without the fault of the grantor, only the purchase price, or a proper proportion of the purchase price, may be recovered back. Applying that rule to this case, a manifest error was committed on the trial, both in the admission of evidence offered by the plaintiff and in the submission of the measure of damages to the jury. The jury were told, in substance, that the measure of damages was the difference between the purchase price of the premises, viz., $7,000, and their value without the right to use the spring.

So, also, the plaintiff was allowed to ask his witnesses to this effect: Assuming that the hotel property with the easement annexed was

of the value of $7,000 on April 3, 1899, what was the fair market value of that land and property without the easement appurtenant thereto? To this rule of damages the defendant constantly objected, and insisted that the rule above cited was the proper one to be applied; and to that end he offered to show the value of the hotel property at the time it was conveyed to the plaintiff with the right to use the spring annexed, and also what was its value without the right to use the spring annexed, thus giving the elements from which the value of the whole premises conveyed and of that part to which the title had failed could be ascertained. With these two facts before the court, the rule of damages above cited could be applied; without them, it could not be applied. The court, however, excluded all proof of these facts, and for these errors, in my opinion, the judgment and order appealed from must be reversed.

Judgment and order affirmed on the facts and reversed on the law, and new trial granted, with costs to appellant to abide the writ. All concur. _