[No. 33798. *En Banc.* October 24, 1957.]

LeRoy Ross *et al.*, *Respondents*, v. Louis A. Hagen *et al.*,
*Appellants.*[1]

[1]Reported in 316 P. (2d) 896.

*Cornelius & Cornelius*, for appellants.

*Samuel W. Fancher*, for respondents.

Отт, J.—LeRoy Ross and his wife purchased, in August, 1953, a five-acre tract of property adjoining that of Louis A. Hagen and wife. The Hagen property was subject to a recorded water easement for the benefit of the Ross property. The provisions of the easement required the Hagens to furnish a minimum of one-half inch of water from a well located on the Hagen property. The Rosses were to pay a monthly minimum charge for the water.

August 14, 1953, the Rosses commenced occupying the premises, and shortly thereafter the Hagens did not comply with the easement requirements. September 23, 1955, LeRoy Ross and wife commenced this action against the Hagens for damages. The amended complaint alleged that the Hagens had ceased to furnish water as provided by the easement, and that, by virtue of the loss to the land of the water easement, the Ross property had been depreciated in value, to their damage, in the sum of two thousand dollars. The amended complaint contained an allegation of additional damages, in the sum of five thousand dollars, for inconvenience occasioned by the failure to furnish water from August, 1953, to April, 1955.

Hagens' answer denied the allegations of the amended complaint and alleged that, if the plaintiffs were damaged, it did not exceed the sum of one hundred fifty dollars. As an affirmative defense, defendants alleged that another action involving the same parties and the same subject matter was pending in the superior court for Spokane county, in which action the plaintiffs sought an injunction only, and that the pending action constituted a permanent election of remedies which barred and abated the instant cause.

The plaintiffs' reply to the affirmative defense admitted the pendency of the injunction action, and alleged that, although the court had directed the defendants, in that pro-

ceeding, to furnish water, the defendants had never complied with the court's order.

Upon the issues thus joined, the cause proceeded to trial before the court.

At the trial, the plaintiffs testified that, because of the failure on the part of the defendants to furnish water as provided in the easement, they were required to and did drill a well on their own property; that the construction cost of the well, including installation of a pump, was $1,523.50, and that the difference in value of their property with and without the easement was between two thousand and twenty-five hundred dollars.

The plaintiffs' evidence with reference to the damages they suffered, due to inconvenience, for the eighteen months' period during which the defendants had failed to furnish water as provided by the easement, was ninety and one hundred twenty-five dollars per month.

The testimony on behalf of the defendants proceeded upon the theory that the measure of damages for loss of the easement was the difference in the value of the land under the two water systems; that the plaintiffs enjoyed an increased water supply and were relieved of the minimum monthly charge by virtue of installing their own water system, and that, therefore, plaintiffs' property had not depreciated in value and plaintiffs had suffered no damage.

To prove abatement by election of remedies, the defendants introduced the original files in Spokane county cause No. 138812, which record established that, February 24, 1954, plaintiffs had instituted an action to compel the defendants to furnish water as provided by the easement; that a temporary restraining order was made permanent *pendente lite* by court order on March 12, 1954, and that the last order in the injunction proceeding was entered May 5, 1954, when the court directed the defendants to show cause why they should not be held in contempt for failure to furnish water as the court had directed.

The court awarded damages to the plaintiffs in the sums of (1) $1,523.50 for loss to their property of the easement

right, and (2) $750 for inconvenience due to defendants' failure to deliver water.

The defendants appeal, assigning as error finding of fact No. 5, which established the measure of damages for the loss to respondents of the easement to be $1,523.50, the amount which the respondents were required to expend in replacing the lost water supply. Error is next assigned to the entry of finding of fact No. 7, which found damages to respondents, in the sum of $750, for inconvenience to them occasioned by the appellants' failure to furnish water, as provided by the easement, for the eighteen months' period preceding this action. Appellants' contention with reference to both assignments is that this action for damages is abated by the injunction action.

Appellants further assign error to the measure of damages adopted by the court.

■ With reference to finding No. 5, appellants' contention at the trial and on appeal is that the proper measure of damages is the difference in value of the Ross property with the water easement and its value with its own water system. With this contention, we do not agree. Where, as here, there has been a complete loss of a property right, the measure of damages is the difference in the value of the premises with the right and the value of the premises without such right. *Papac v. Montesano*, 49 Wn. (2d) 484, 488, 303 P. (2d) 654 (1956); *Anderson v. Port of Seattle*, 49 Wn. (2d) 528, 530, 304 P. (2d) 705 (1956). In *Sweet v. Howell*, 96 App. Div. 45, 89 N. Y. Supp. 21 (1904), this measure of damages was applied to the loss of a water easement.

The respondents' amended complaint pleaded the proper measure of damages, and evidence was received, without objection, which, if believed by the court, would support it.

The court, in its memorandum opinion discussing the measure of damages, stated:

"We must keep in mind that the price that plaintiff [respondents] paid for this five acre tract, *included the value of the easement* connected with the five acre tract, the purchase price being $13,500.00." (Italics ours.)

The court then considered appellants' theory relative to the measure of damages, and concluded with this statement: "Frankly, I don't think in this case it [appellants' or respondents' theory of damages] makes any material differ-ence."

Finding No. 5 sets out an improper measure that the court adopted in arriving at its decision as to the amount of damages. However, the appellants cannot complain, since the measure they urged at the trial and on appeal is like-wise improper.

The respondents have not cross-appealed. The trial court indicated that, adopting either method, the amount would not be materially different. Since there was evidence to sustain the proper measure of damages, the judgment in this respect will not be disturbed. Where a judgment or or-der is correct, it will not be reversed because the court gave a wrong or insufficient reason for its rendition. *Kirkpatrick v. Department of Labor & Industries*, 48 Wn. (2d) 51, 53, 290 P. (2d) 979 (1955), and cases cited.

With reference to the plea in abatement, appellants con-tend that the commencement of any proceeding to enforce *one remedial right*, in a court having jurisdiction to enter-tain such proceeding, is such a decisive act as to constitute a conclusive election barring subsequent prosecutions of *inconsistent remedial rights*.

The rule is not applicable to the facts in the in-stant case for the reason that the remedy must be *in existence* at the time the election is made. 28 C. J. S. 1080, § 12. At the time the injunction action was commenced, the re-spondents could not anticipate a total failure of performance on the part of the appellants of their duty under the ease-ment. It was not until the appellants had failed to comply with the temporary and permanent restraining orders that it became apparent to the respondents that appellants were going to deprive them of a property right. When this fact became known, the respondents had a duty to mitigate their damages. *Ward v. Painters' Local Union No. 300*, 45 Wn. (2d) 533, 542, 276 P. (2d) 576 (1954). This was done by

constructing their own water system. The remedy sought in the present proceeding did not exist at the time of the commencement of the injunction action. Hence, the injunction action did not constitute an election of remedies which would abate the portion of the present proceeding relating to damages resulting from loss of a property right.

Does the plea in abatement bar a subsequent action for damages for inconvenience, which cause of action arose prior to the installation of respondents' water system?

The appellants made no appearance in the cause which they contend abates this proceeding, nor did they in any manner comply with the *ex parte* orders of the court; hence, they suffered no detriment.

The applicable general rule is that abatement will not lie where the plaintiff has reaped no benefit and the defendant has suffered no substantial detriment. 28 C. J. S. 1084, § 12. Applying this rule to the facts in the instant case, the cause of action arising out of inconvenience was not abated by the commencement of the previous action.

The issue of damages was fully litigated, and the award is supported by the evidence. We find no merit in appellants' assignments of error.

The judgment is affirmed.

HILL, C. J., MALLERY, DONWORTH, FINLEY, WEAVER, ROSELLINI, and FOSTER, JJ., concur.