[No. 38387.    Department Two.    June 15, 1967.]

DUCOIT HOLDCROFT, *Respondent*, v. HAHN TRUCK COMPANY, *Appellant.**

*Palmer, Willis & McArdle*, by *Fred C. Palmer*, for appellant.

*J. P. Tonkoff* and *Tonkoff, Holst & Hanson*, for respondent.

FINLEY, C. J.—In this lawsuit the plaintiff, Ducoit Holdcroft, alleges his automobile was rear-ended negligently by a truck of the defendant corporation, and he seeks damages for the harm allegedly sustained. The defendant denies negligence and claims the plaintiff was contributorily negligent in failing to give a proper signal and in failing to exercise the extreme caution required by a Yakima city ordinance. The trial court directed a verdict for the plaintiff on the issue of liability and then allowed the jury to determine what damages were due the plaintiff. The jury awarded $13,304.

*Reported in 429 P.2d 204.

The collision occurred while the plaintiff was stopped on South Third Street in the city of Yakima for the purpose of allowing oncoming traffic to pass before attempting a left turn into his employer's driveway. Some 200 feet before slowing to a halt to allow the oncoming traffic to pass, plaintiff began signaling a left turn with his turn signal and with his arm. He then checked and found no traffic following him. He had waited for approximately seven oncoming automobiles to pass when he was hit from the rear. Plaintiff was in the southbound lane which was about 18 or 19 feet wide, the day was clear and dry, and there was an unobstructed view for about 400 feet northward from the scene of the collision. The investigating officer testified that the defendant's driver admitted looking in another direction and not seeing the plaintiff's signals until it was too late to avoid the collision.

In this appeal, the defendant assigns error to the action of the trial court in directing the verdict for the plaintiff, and finding, as a matter of law, that the plaintiff was not contributorily negligent.

Defendant contends that the plaintiff was contributorily negligent in failing to make a proper stop signal. RCW 46.60.120 (1) reads:

> Any stop or turn signal when herein required shall be given either by means of the hand and arm or by a signal lamp or lamps or mechanical signal device . . . .

In the instant case there is no dispute that the plaintiff signaled a turn both with his arm and with the mechanical directional signal. There is testimony in the record that the plaintiff's brake lights were on prior to the collision. The statute allows the stop signal to be given by either the arm or signal lamps. There is no evidence that the plaintiff's stop was sudden or without warning.

Defendant cites section 9.28.140 (b) of the Yakima city ordinance in arguing that the plaintiff was contributorily negligent:

> It shall be unlawful to drive a vehicle across or turn about in the opposite direction upon any street at any place other than at a street intersection or street end,

> except that in districts other than the central district as herein defined, a vehicle upon a proper signal being given may turn to the left across any street for the purpose of entering a private driveway or alley only, but in so doing, however, such vehicle *shall exercise extreme caution* and yield the right of way to other vehicles continuing in either direction on said street. (Italics ours.)

The trial court pointed out that the ordinance could not have been intended to bar left turns in a situation such as the instant one since the location of the collision was not within the central district, and the ordinance specifically allows such turns outside of the central district. The trial court concluded, and we agree, that under the facts of the case the ordinance was not shown to have been violated. It appears that the only way the plaintiff could have avoided the collision was to have attempted no turn. The plaintiff had a right to make the turn and exerted every precaution that could be expected of him.

■ We said in *Frasch v. Leedom*, 62 Wn.2d 410, 414, 383 P.2d 307, 310 (1963), regarding the rule for a motion for a directed verdict:

> [It] admits the truth of the opponent's evidence, together with all reasonable inferences arising therefrom, and requires a most favorable interpretation thereof. No element of discretion is involved, and such motions can be granted only when the court can say, as a matter of law, there is no substantial evidence to support the opponent's claim.

Considering in a light most favorable to the defendant every reasonable inference that can be drawn from the record, we are of the opinion that the defendant has not presented substantial evidence to support a jury verdict in his favor and that the trial court was correct in directing the verdict. *Wold v. Jones*, 60 Wn.2d 327, 373 P.2d 805 (1962).

■ Defendant-appellant cites the case of *Zorich v. Billingsley*, 55 Wn.2d 865, 350 P.2d 1010 (1960), in support of his contention that the damages awarded by the jury were excessive. We pointed out in that opinion, however, that there was almost a total lack of medical evidence to support the plaintiff's complaints. In the instant case, there is

ample medical testimony to the effect that the plaintiff's injury would get progressively worse, that at the time of the trial the plaintiff suffered from a sore and stiff neck and that he was frequently awakened in the night by headaches which sometimes caused nausea. There was also medical testimony that the plaintiff's ability to do certain kinds of work would be hampered by pain and that there was demonstrable weakness in the left arm. In light of all of these facts, it cannot be said in this case that there was not substantial evidence in the record which the jury was entitled to believe to support the award of damages. There is also no indication from the size of the judgment that the award by the jury was plainly the result of passion or prejudice. This court will not disturb an award of damages made by a jury if it is within the range of substantial evidence in the record. *Zorich v. Billingsley, supra*; *Guy v. Northwest Bible College*, 64 Wn.2d 116, 390 P.2d 708 (1964).

We will not substitute our judgment for that of the jury, unless this court's sense of justice is shocked by the amount of the award. The award here does not shock our conscience nor does it appear to have been arrived at as the result of passion or prejudice. *Gustin v. Susnar*, 68 Wn.2d 504, 413 P.2d 822 (1966).

The judgment of the trial court should be in all respects affirmed. It is so ordered.

DONWORTH, WEAVER, and ROSELLINI, JJ., and LANGENBACH, J. Pro Tem., concur.

---

August 14, 1967. Petition for rehearing denied.