[No. 41933. Department Two. September 30, 1971.]

DONALD FULLER, *Appellant,* v. ED ROSINSKI *et al., Respondents.*

720

*Jeremiah H. McCormick* and *Orvin H. Messegee,* for appellant.

*Clay Nixon,* for respondents.

ROSELLINI, J.—In this action, the plaintiff sought to recover the unpaid balance on a contract to construct a rock wall and alpine area, and to prepare the ground and plant a lawn on the defendants' residence property. The balance claimed due was $511.76. As an affirmative defense, the defendants alleged that the work had not been done properly and that it would cost as much or more than the balance due to remedy the defects.

The evidence showed that the work was done on a residential lot which had not been previously cultivated or graded, the house being situated in a new development. The plaintiff hauled dirt for fill and leveled and sloped the yard, put in humus and seeded the lawn. He also furnished rocks and constructed a rock wall and alpine area for planting. Afterwards, some of the rocks in the wall slipped. The plaintiff discovered a drainage sump behind these rocks. At his own expense, he extended the sump area in an attempt to eliminate the problem.

A drainage problem developed on the lawn and the plaintiff, for an agreed sum, laid drain tile under the lawn to

carry the water away. The earth over the drain tile later settled, leaving a rut which the plaintiff did not correct. He stated that this rut had never been called to his attention. There was evidence that this drainage system did not satisfactorily solve the problem of water collecting on the lawn, although the plaintiff contended that the standing water was caused by faulty gutters on the house or was only a temporary condition occurring after heavy rains.

There also was evidence that the humus was not spread evenly when the soil was prepared and the result was a lawn which was spongy in places and too hard in other spots. The defendants' expert witness, a nurseryman, testified that the condition of the lawn could be corrected with reasonable success without digging it up and reworking the soil. However, he also was of the opinion that the rocks in the wall were not set properly and that they should all be removed and the wall reconstructed. He said that the heavy equipment necessary to do this job would destroy the lawn and consequently it would have to be replanted. He said that his charge to do all of this work would be about $2,400. The total charge which the plaintiff had made for the rock wall, alpine area and lawn was $1,346.70. There was no criticism of the alpine area.

The trial court found that the plaintiff did not install a "proper" lawn and rock wall and that he was not "scrupulous" in installing the drainage tiles. Finding that the work was of no value to the defendants but rather caused them damage in the amount of $2,400, the court gave judgment for the defendants in that amount.

Error is assigned to these findings and to the conclusion that the defendants were entitled to a judgment on their cross complaint.

We have reviewed the record and find in it support for the findings to the extent that they show that the defendants did not receive the quality of lawn and rock wall for which they contracted. There is, however, no evidence to support a finding that the work done was of no value whatsoever. Apparently, the trial court based this finding on the testimony of the nurseryman that he would charge

$2,400 to do the work over again. This, of course, was almost twice as much as the plaintiff had charged. There was no testimony that the amount which the witness said he would charge was a reasonable price for this work.

But, in any event, we think that it cannot be inferred that the work actually done was of no value to the defendants simply because it would cost as much or more to redo part of the work. It cannot be denied that the defendants are the beneficiaries of grading and leveling work which does not have to be redone, and of an alpine area which is satisfactory. They have a rock wall which is not laid in the most workmanlike manner but which is nevertheless substantially serving its purpose, insofar as the record shows. Also, they have a lawn which is not aesthetically satisfactory but which is superior to the bare and unworked earth which covered the property before the lawn was planted. The finding that the plaintiff's performance of its contract damaged the defendants' property is not supported by testimony or other evidence in the record.

As the plaintiff contends, the trial court applied the wrong measure of damages. It must be acknowledged that the court was at a disadvantage in that there was no evidence introduced which would support a finding of the amount of damage, using the proper measure. The burden was upon the defendants to prove their affirmative defense and it was error to penalize the plaintiff for the defendants' failure to sustain this burden. Such a penalty resulted when the court entered a judgment based upon the only evidence offered by the defendants.

The rule which governs the question of damages where there has been a defective performance of a contract of this kind is that which is set forth in Restatement of Contracts § 346 (1932) and which was approved by this court in *Baldwin v. Alberti,* 58 Wn.2d 243, 362 P.2d 258 (1961) and *Odgers v. Held,* 58 Wn.2d 247, 362 P.2d 261 (1961) and the cases cited therein. It is the rule generally applied by the courts. *See* Annot., *Cost of correction or completion, or difference in value, as measure of damages for breach of*

*construction contract,* 76 A.L.R.2d 805 (1961); 13 Am. Jur. 2d *Building and Construction Contracts* § 79 (1964); and 11 Williston on Contracts § 1363 (3d ed. 1968).

■ According to that rule, if a contract has been substantially performed, the measure of damages for defects in performance is the cost of remedying the defects. But if the cost of correcting the defects would exceed the amount of the contract, it follows that there has not been a substantial performance. In such a case, the proper measure of damages is the difference between the value of the work performed and the value it would have had if the work had been done properly.

In the case before us, the trial court's findings on disputed evidence show that there was not a substantial performance of the contract, since the court found that it would cost more than the contract price to remedy the defects and that this would involve destruction of the wall and lawn.

As the cited cases have said, the court will not order the destruction of the work done unless there is some unusual reason why the owner cannot be made whole without it. There is no showing that the plaintiff cannot be satisfactorily compensated by money damages.

Although the cost of correcting the defects would be prohibitive, the fact remains that the work which was done did not damage the property but enhanced its value, at least to some extent. The plaintiff is entitled to be compensated for this value. Restatement of Contracts § 357 (1932); Williston on Contracts § 1475 (3d ed. 1970); and *Dermott v. Jones,* 64 U.S. (23 How.) 220, 16 L. Ed. 442 (1859).

The proper measure of the defendants' damage for defective performance is the difference between the value of the property with the lawn and rock work which was done and the value which it would have had if the work had not been defective.

■ Since the court, upon conflicting evidence, found that the defendants did not receive the performance for which they contracted, and since there is no evidence in the

record which would support a finding on the amount of damage suffered by the defendants, measured by the proper rule of damages, it is necessary to remand the case with directions to permit the parties to submit evidence upon the amount of damages, using the measure of damages approved in this opinion. Where there is substantial evidence of damage, but the evidence does not support a finding based on the proper measure of damages, this court may remand the case and give the parties an opportunity to present further evidence. *See White v. Mitchell,* 123 Wash. 630, 213 P. 10 (1923), *Gilmartin v. Stevens Inv. Co.,* 43 Wn.2d 289, 261 P.2d 73, 266 P.2d 800 (1953).

We are aware of the rule that a party must prove his claim, including the amount of damages. In this case the defendant proved to the satisfaction of the court that he has suffered substantial damage as the result of the plaintiff's failure to render a satisfactory performance of his contract. We must assume that had the trial court accepted the plaintiff's argument, presented for the first time at the close of the evidence, that the wrong rule of damages was applied, it would have given the defendant a chance to offer additional evidence based upon the proper measure. It would be unjust to hold that the defendant is now foreclosed from presenting such proof, thus penalizing him for having secured a favorable ruling from the trial court. With the case in this posture, a remand is necessary in order to do justice to both parties.

In regard to a further contention of the plaintiff that the trial court erroneously recognized a cross complaint when none had been pleaded, we think it sufficient to say that the defendants did not prove any damage to their property, and the judgment, insofar as it awarded such damage, has been found to be in error. The only judgment to which the record shows the defendants to be entitled is one for damages for defective performance of the contract. This claim was covered by the affirmative defense.

The judgment is reversed and the cause is remanded

with directions to proceed in accordance with the views expressed herein.

HAMILTON, C.J., HALE, SHARP, and WRIGHT, JJ., concur.