[No. 8382–1–I.   Division One.   December 21, 1981.]

ALPINE INDUSTRIES, INC., *Appellant,* v. MYRON
C. GOHL, ET AL, *Respondents.*

*Trethewey, Brink, Rossi, Todd & Clayton* and *Joseph Trethewey,* for appellant.

*Black, Christensen & Nielsen* and *Andrew T. Nielsen,* for respondents.

JAMES, C.J.—Plaintiff Alpine Industries (Alpine) appeals the grant of motions by defendant Myron C. Gohl, d/b/a M. C. Construction (Gohl) for a judgment n.o.v. or, in the alternative, a new trial, following a jury verdict awarding Alpine lost profits in a breach of contract action. Gohl cross–appeals the trial judge's denial of its motion for judgment n.o.v. or a new trial, as to that portion of the jury's verdict awarding Alpine damages for construction defects. We reverse the grant of Gohl's motions as to lost profits and affirm the denial of Gohl's motions as to construction

defects.

Alpine is a manufacturer of aluminum windows, patio doors, and insulated glass. By 1976, Alpine determined that its existing manufacturing plant was becoming inadequate to meet the demand for its products. In July 1977, Alpine contracted with Gohl for the construction of a new and larger plant.

Anticipating completion of the new plant by early February, Alpine actively solicited new accounts. But because of construction delays, the new building was not ready for occupancy until late May. During this period, Alpine operated at full capacity. Alpine's employees testified, however, that the manufacturing, storage, and shipping facilities in the existing plant were inadequate to supply Alpine's new and former customers. Because of these problems, Alpine also ceased its efforts to contact additional customers.

At trial, Alpine employees and customers testified that orders were canceled and switched to other suppliers because Alpine could neither meet its delivery schedules nor provide consistent quality. Alpine's manager testified that very few orders had been canceled before 1978.

Alpine did not keep records of canceled orders, but presented the testimony of two expert witnesses concerning lost profits due to the construction delay. One expert, Bunting, who was a CPA familiar with the construction industry and cash flow forecasting, calculated lost profits between January 1978 and May 1979 at $329,499 by comparing Alpine's market share in 1977 with Alpine's diminished market share in January 1978 through May 1979. The jury awarded $164,749.50 in lost profits, one–half of Bunting's estimate. The jury also awarded Alpine $88,500 damages for plant construction defects. Alpine's expert, Tracey, testified to a total repair cost of $88,000.

Gohl then moved for judgment n.o.v. The trial judge denied the motion as to the verdict for construction defects. He granted the motion as to the award for lost profits, concluding Alpine had failed to establish damage caused by the construction delay and also failed to establish the amount

of its damages with reasonable certainty. The trial judge also foreclosed Gohl's mechanic's lien for the undisputed balance due Gohl on the contract ($132,680), less damages awarded Alpine. Gohl, as the prevailing party, was also awarded costs and attorney's fees pursuant to the construction contract.

Alpine first contends the trial judge erred in granting Gohl's motions for judgment n.o.v. or a new trial. We agree.

■■ A party is entitled to recover lost profits in a breach of contract action when "(1) they are within the contemplation of the parties at the time the contract was made, (2) they are the proximate result of defendant's breach, and (3) they are proven with reasonable certainty." *Larsen v. Walton Plywood Co.*, 65 Wn.2d 1, 15, 390 P.2d 677 (1964).

> [T]he doctrine respecting the matter of certainty, properly applied, is concerned more with the *fact of damage than with the extent or amount of damage.* . . .
>
> . . .
>
> Since the basic function of the rule of certainty is to assure that one will not recover where it is highly doubtful that he has been damaged in the first instance (as where he claims loss of profits in a business which is not shown to have any established record of earnings), the jury does not commit forbidden speculation when, once the fact of damage is established, it is permitted to make reasonable inferences based upon reasonably convincing evidence indicating the amount of damage.

*Gaasland Co. v. Hyak Lumber & Millwork, Inc.*, 42 Wn.2d 705, 712–13, 257 P.2d 784 (1953). "[W]here the fact of damage is firmly established, the wrongdoer is not free of liability because of difficulty in establishing the dollar amount of damages." *Reefer Queen Co. v. Marine Constr. & Design Co.*, 73 Wn.2d 774, 781, 440 P.2d 448 (1968).

■ Expert testimony as to the amount of lost profits is admissible and may be sufficient to support a jury verdict. *Larsen v. Walton Plywood Co., supra.* A trier of fact confronted with conflicting expert testimony may accept the testimony of one expert and reject the testimony of

another. *Thornton v. Annest,* 19 Wn. App. 174, 574 P.2d 1199 (1978); *Ventoza v. Anderson,* 14 Wn. App. 882, 545 P.2d 1219 (1976). If the plaintiff proves that the defendant's fault was a cause of lost profits, the plaintiff is not required to prove the entire loss was due to the defendant's fault.

> [W]here the amount of damage is not susceptible of exact apportionment between the defendant's fault and other factors contributing to the loss, absolute certainty is not required. The trier of fact must exercise a large measure of responsible and informed discretion where the fact of damage is proved.

*Long v. T-H Trucking Co.,* 4 Wn. App. 922, 927, 486 P.2d 300 (1971). *See also Larsen v. Walton Plywood Co., supra.* That no evidence sustained the exact amount awarded by the jury is immaterial. *Larsen v. Walton Plywood Co., supra.*

Alpine presented substantial evidence, through the testimony of its employees and selected customers, sufficient to prove the *fact* of damage and the *causation* of those damages. For this reason, we consider the cases relied upon by Gohl, *e.g., Prentice Packing & Storage Co. v. United Pac. Ins. Co.,* 5 Wn.2d 144, 106 P.2d 314 (1940), to be inapposite. In *Prentice,* at 146, respondent packing and storage company had the burden of proving that an accident was "caused by pressure of the refrigerant" in order to recover against the appellant insurer. Respondent presented no evidence affirmatively supporting its theory of causation, but merely presented expert testimony assuming causation was as respondent alleged. Here, Alpine's experts testified to the *amount* of lost profits after adequate evidence of the fact and causation of damages had been presented.

The alleged deficiencies in the expert testimony identified by Gohl relate to the weight and credibility of that testimony. Bunting's failure to consider any disparity between window usage in single-family and multi-family housing is no exception. The testimony on neither side conclusively established the existence and extent of the

alleged disparity. Alpine's witnesses offered some explanation as to why window usage in multi-family housing may not differ markedly from window usage in single-family housing. The jury could and obviously did consider that some of the lost profits to which Bunting testified were not caused by Gohl's breach of the construction contract. Alpine's proof, nevertheless, constituted substantial evidence.

■ A trial judge exercises no discretion in ruling upon a motion for judgment n.o.v. It is error to grant the motion

> unless the court can say, as a matter of law, that there is neither evidence nor reasonable inference from evidence sufficient to sustain the verdict. . . . [All] evidence must be viewed in the light most favorable to the party against whom the motion is made, . . .

*Grange v. Finlay,* 58 Wn.2d 528, 529, 364 P.2d 234 (1961). *Accord, Hojem v. Kelly,* 93 Wn.2d 143, 606 P.2d 275 (1980).

Although a trial judge possesses a degree of discretion in ruling upon an alternative motion for a new trial, the trial judge

> is not permitted to weigh the evidence and simply substitute [his] judgment for that of the jury, for to do so amounts to an abuse of discretion. . . . To warrant and justify the exercise of the permitted discretion, the verdict must be so manifestly inconsistent and irreconcilable with the total evidentiary composition—viewed in the favorable light required—as to compel the conclusion that the moving party has been deprived of a fair trial.

(Citations omitted.) *State v. Hall,* 74. Wn.2d 726, 727, 446 P.2d 323 (1968). Applying these standards here, we conclude the trial judge erred in granting Gohl's motions for judgment n.o.v. or, in the alternative, a new trial. The jury verdict will be reinstated. In view of our disposition of this issue, we do not address Alpine's remaining assignments of error.

Gohl assigns error to the denial of its motions for judgment n.o.v. or a new trial as to that portion of the jury verdict awarding damages for construction defects. Gohl's contentions in support of this assignment of error are that

(1) Alpine failed to present substantial evidence that construction defects existed, (2) Alpine failed to present credible expert testimony as to the fact and amount of damages, (3) Alpine failed to present evidence in support of the proper measure of damages, which Gohl asserts to be diminution of market value rather than cost of repairs. For the reasons stated, we conclude the trial judge did not err in denying Gohl's motions.

■ Article 11.4 of the parties' contract provides:

> The Contractor warrants to the Owner . . . that all Work will be of good quality, free from faults and defects and in conformance with the Contract Documents. All Work not so conforming to these standards may be considered defective.

Alpine's expert, Tracey, testified that a substantial number of construction defects existed, including certain "out–of–plumb" columns. Tracey testified that the columns were defective because they failed to comply with industry standards. Evidence of usage and custom within the industry is generally admissible to determine the meaning of contract language, such as the term "defects" here. *Stender v. Twin City Foods, Inc.*, 82 Wn.2d 250, 510 P.2d 221 (1973). After admission of such evidence the jury could properly weigh and compare that testimony with the contrary analysis of Gohl's expert. *Kammerer v. Western Gear Corp.*, 27 Wn. App. 512, 618 P.2d 1330 (1980), *aff'd*, 96 Wn.2d 416, 635 P.2d 708 (1981); *Thornton v. Annest, supra*. Tracey's testimony constituted substantial evidence that construction defects existed.

Gohl asserts, however, that Tracey's testimony was inherently unreliable evidence of damages because Tracey refused to reduce his estimate as to the total cost of repairs when the trial judge ordered that evidence of five of six walls containing "out–of–plumb" columns be stricken. We do not agree.

No evidence was introduced as to the cost of repairing individual defects. Consequently, we cannot determine the extent to which costs of reinforcing the columns were

included in Tracey's calculations. It is possible that properly reinforcing even one wall might require adjustments to other walls. The trial judge's ruling expressly permitted the parties to cross–examine as to the cost of individual repairs. Any deficiencies in Tracey's testimony pertaining to the cost of individual repairs were proper subjects for cross–examination. We cannot find Tracey's insistence that the cost of repairs totaled $88,000 to be so unreasonable that his testimony must be disregarded.

We do agree, however, that the jury verdict of $88,500 is not, in its entirety, supported by substantial evidence. Tracey at no point testified to a cost of repairs in excess of $88,000, and Alpine offered no evidence as to an alternative or additional measure of damages. The larger amount was suggested by Alpine's counsel and not conclusively accepted by Tracey.

▮ It is well established that an appellate court will not disturb a jury award supported by substantial evidence. *E.g., Holdcroft v. Hahn Truck Co.,* 71 Wn.2d 410, 429 P.2d 204 (1967). But where evidence as to a specific dollar amount of loss or injury is presented, and the loss or injury can be so valued, and the jury's award slightly exceeds the maximum amount supported by the evidence presented, it is appropriate for the appellate court to exercise its power under RAP 12.2 to modify the decision under review in the interest of justice. Accordingly, the judgment in favor of Alpine as to its construction defects claim is reduced to $88,000.

We also conclude that the jury was adequately instructed as to the measure of damages in this case.

▮▮ Washington has adopted the measure of damages rule for "defective or unfinished construction" stated in Restatement of Contracts § 346, at 573 (1932), which provides that the injured party may obtain either:

(i)    the reasonable cost of construction and completion in accordance with the contract, if this is possible and does not involve unreasonable economic waste; or

(ii)  the difference between the value that the product contracted for would have had and the value of the performance that has been received by the plaintiff, if construction and completion in accordance with the contract would involve unreasonable economic waste.

*Baldwin v. Alberti,* 58 Wn.2d 243, 245, 362 P.2d 258 (1961); *Fuller v. Rosinski,* 79 Wn.2d 719, 488 P.2d 1061 (1971).

According to that rule, if a contract has been substantially performed, the measure of damages for defects in performance is the cost of remedying the defects. But if the cost of correcting the defects would exceed the amount of the contract, it follows that there has not been a substantial performance. In such a case, the proper measure of damages is the difference between the value of the work performed and the value it would have had if the work had been done properly.

*Fuller v. Rosinski, supra* at 723.

Both parties agree that Gohl substantially performed the contract. It does not appear that the costs of repair identified by Alpine's expert entail material changes in building structure, damage to the building, or unusual expense compared to the cost of the project. Under these circumstances, the cost of repairs was the appropriate measure of damage. *Fuller v. Rosinski, supra. Cf. Odgers v. Held,* 58 Wn.2d 247, 362 P.2d 261 (1961) (unreasonable economic waste where repairs required moving an existing house 10 feet and construction of a new foundation). The jury instruction was erroneous to the extent it permitted the jury to award damages for diminished market value as well as cost of repairs. However, the evidence presented pertained solely to the proper measure of damages—cost of repairs. A jury verdict rendered after partially improper instructions will be upheld if there is substantial evidence supporting the proper measure of damages. *Ross v. Hagen,* 51 Wn.2d 165, 316 P.2d 896 (1957). The trial judge did not err in denying Gohl's motions for judgment n.o.v. or a new trial.

Gohl next contends the trial judge erred in failing to exclude Tracey's testimony concerning the cost of repairs

because of Alpine's alleged failure to sufficiently identify the substance of Tracey's testimony in response to a discovery order. We do not agree.

CR 37(b)(2) provides that the trial judge may impose such sanctions for failure to comply with a discovery order "as are just," thereby affording him substantial discretion to determine an appropriate remedy. Also, a trial judge should not exclude testimony absent a showing of intentional or tactical nondisclosure, willful violation of a court order, or other unconscionable conduct. *Barci v. Intalco Aluminum Corp.*, 11 Wn. App. 342, 522 P.2d 1159 (1974).

Here, Tracey was not an unexpected witness. Counsel for Gohl were doubtless aware that cost of repairs was the appropriate measure of damages unless such repairs entailed unreasonable economic waste. No concession by Alpine that diminished market value was the appropriate measure of damages appears in the record. Thus, the theory underlying Tracey's testimony would not have been beyond the scope of Gohl's counsel's preparation for trial. No specific impairment of Gohl's ability to present its case or to cross-examine because Tracey testified to cost of repairs rather than diminished market value is identified. There is no indication that Alpine acted in bad faith or for tactical reasons. The trial judge did not err.

Gohl filed a lien for extra construction work for $26,646. The jury returned a verdict of only $910. Gohl now contends the trial judge erred by not treating the jury award as an advisory verdict.

Actions to foreclose mechanics' and materialmen's liens, including those based upon contract extras, are equitable proceedings. *Powell v. Nolan*, 27 Wash. 318, 67 P. 712 (1902); *Washington Asphalt Co. v. Boyd,* 63 Wn.2d 690, 388 P.2d 965 (1964). If a jury is impaneled to decide equitable issues, its verdict is advisory only unless both parties consent to be bound by the verdict. *State ex rel. Dep't of Ecology v. Anderson,* 94 Wn.2d 727, 620 P.2d 76 (1980). Thus, the jury's verdict for $910 was advisory. The

trial judge's ruling that "[a]lthough the court may have discretion to consider that portion of the verdict as advisory only, it does not consider such action appropriate in this case" is ambiguous. Because we cannot determine if the trial judge did exercise the discretion available to him, given the advisory nature of the jury's verdict on contract extras, we remand to permit the trial judge to make this ruling.

Gohl next contends that a statement by Alpine's counsel pertaining to the methodology of calculating lost profits was erroneously excluded when offered as an admission. Such statements of counsel need not be "judicial admissions" in order to be admissible. *State v. Dault*, 19 Wn. App. 709, 578 P.2d 43 (1978). But the relevancy of this statement to the issues at trial is dubious, and any error in its exclusion was harmless.

The judgment as to construction defects is affirmed, as modified. The judgment as to lost profits is reversed and the jury's verdict is reinstated. The judgment as to contract extras is remanded. The award of trial attorney's fees is reversed and the case is remanded in order that reasonable trial fees for Alpine's counsel may be determined. The order foreclosing Gohl's lien is reversed.

Alpine has requested attorney's fees on appeal as provided for by the parties' agreement and has filed an affidavit as required by RAP 18.1(c). By its affidavit, however, Alpine requests that a reasonable attorney's fee be determined by the trial judge upon remand. The request is granted and the case remanded for determination of a reasonable attorney's fee on appeal. RAP 18.1(e).

ANDERSEN and CORBETT, JJ., concur.

Reconsideration denied January 27, 1982.

Review denied by Supreme Court April 23, 1982.