[No. 16335-7-II. Division Two. May 1, 1995.]

DUCOLON MECHANICAL, INC., *Appellant*, v.
SHINSTINE/FORNESS, INC., ET AL, *Respondents*.

*Terry R. Marston II* and *Hintze & Wright,* for appellant.

*Charles E. Robbins; Michael v. Riggio* and *Kenyon E. Luce, P.S.,* for respondents.

BRIDGEWATER, J. — Ducolon Mechanical, Inc. (Ducolon), a subcontractor, appeals the trial court's order awarding it $3,136.66 as a result of the wrongful termination of a construction subcontract by Shinstine/Forness, Inc. (Shinstine), a general contractor. Ducolon also appeals the trial court's finding that it exercised bad faith in the performance of the subcontract. Ducolon admits, however, that it breached the subcontract. Shinstine cross-appeals the trial court's order denying it actual attorney's fees incurred after it submitted a CR 68 offer of judgment. We affirm.

In 1988, the Corporation of the Presiding Bishop, the Church of Jesus Christ of Latter Day Saints (LDS) awarded a contract to Shinstine for the construction of a church facility in Puyallup, Washington. Construction was to commence on January 16, 1989, and be completed by October 23, 1989.

Ducolon bid for the plumbing and the heating, ventilating and air conditioning (HVAC) portions of the project. Shinstine advised Ducolon that it may have made a mistake in

the calculation of its bid because its bid of $119,245 was substantially lower than all others. Ducolon reviewed its bid and informed Shinstine that its bid was correct. Shinstine advised Ducolon for a second time that its bid was substantially lower than all other bids. Without reviewing its bid calculation, Ducolon increased it by approximately 10 percent. Shinstine accepted Ducolon's bid after Shinstine obtained a performance bond for Ducolon. The subcontract provided for attorney's fees and costs to the prevailing party in the event of litigation.

Ducolon commenced work at the site in March 1989. By December 1989, Ducolon was well behind schedule. Shinstine extended Ducolon's completion deadline. Shinstine terminated the subcontract after inspecting the project and finding that Ducolon's work was both defective and behind schedule. Shinstine replaced Ducolon with Air Systems Engineering. Air Systems completed Ducolon's work for $16,268. Half of that amount was attributable to completion of Ducolon's work and the other half to correcting Ducolon's work. The building was substantially completed 30 days behind schedule.

Ducolon filed a materialmen's lien foreclosure action pursuant to RCW 60.04 and a suit for wrongful termination of its subcontract against Shinstine and LDS. Shinstine and LDS counterclaimed, alleging breach of contract. Shinstine and LDS made a CR 68 offer of judgment for $17,500 that was not responded to by Ducolon. The case proceeded to a bench trial in Pierce County.

Shinstine argued that Ducolon could not recover an amount in excess of the original contract price of $127,377. Ducolon argued that it was entitled to recover its actual cost of performance (alleged to be $180,073) less progress payments of $89,746 made by Shinstine. Ducolon attributed the difference between the original contract price and its actual costs to a $50,000 bid error. During trial, Ducolon stated that it had not recognized the bid error when Shinstine brought the possibility of a bid error to its attention during the bid process.

In support of its argument, Ducolon offered a "Claim Breakdown" sheet prepared by its accountant, showing actual costs (direct, overhead, and profit) of $180,073. The accountant who prepared the form and a Ducolon consultant testified that Ducolon actually incurred $180,073 in costs. The only testimony as to the value of the work to the owner or Shinstine was that of Douglas Shinstine. He testified that the value of the work was equal to the contract price. The trial court entered no finding of fact as to actual costs incurred by Ducolon.

The trial court found that Shinstine wrongfully terminated the subcontract because its notice of termination was defective. It also found that Ducolon materially breached the contract by delaying the completion of the project by about 30 days. Further, it found that Ducolon failed to exercise good faith in performing the contract and by bidding the project too low, despite having been advised by Shinstine that its bid was low.

The trial court calculated Ducolon's award on the basis of Restatement (Second) of Contracts § 374(1) (1981). Section 374(1) states that "the party in breach is entitled to restitution for any benefit that he has conferred by way of part performance or reliance in excess of the loss that he has caused by his own breach". Thus, the trial court subtracted progress payments and the cost to complete and repair Ducolon's work from the original subcontract price of $127,377, arriving at $3,136.66 instead of the $90,326 requested by Ducolon. No award of actual attorney's fees and costs was made, the court ruling that neither party had prevailed. However, the court awarded Shinstine statutory costs of $197 and statutory attorney's fees of $125 under RCW 4.84.080 because Ducolon did not improve its position by going to trial. Shinstine paid $3,136.66 and the court also dissolved Ducolon's lien, finding the lien had been satisfied. Following entry of judgment, Ducolon commenced this appeal and Shinstine and LDS cross-appealed.

I

Ducolon argues that the trial court erred in measuring its award. In particular, Ducolon argues that if it could avail

itself of equitable relief in the form of restitution, it would be entitled to recover the actual amount of money it spent in partially performing the contract.

The trial court awarded Ducolon restitution on the basis of Restatement (Second) of Contracts § 374(1) (1981). Although Washington courts generally characterize restitution and quantum meruit as "equitable form[s] of recovery", *CKP, Inc. v. GRS Constr. Co.* 63 Wn. App. 601, 615, 821 P.2d 63 (1991), *review denied*, 120 Wn.2d 1010 (1992), quantum meruit and restitution under Restatement § 374 are legal remedies. *See* 5 Arthur L. Corbin, *Contracts* § 1102 (1964); 1 Dan B. Dobbs, *Remedies* § 4.1(2) (2d ed. 1993).[1]

In this case, the legal remedy is adequate because Restatement § 374(1) permits Ducolon to recover an amount equal to its alleged actual costs if its actual costs are equal to the benefit it conferred to Shinstine.[2] Therefore, the only issue related to the measure of Ducolon's award we need address is whether the trial court erred in finding that Ducolon was entitled to recover the reasonable value of its services to Shinstine, as measured by the original contract price less Shinstine's cost to complete and repair. We find no error.

## A

In Washington, a defaulting subcontractor is entitled to restitution of its part performance measured by the reasonable value of its services to the general contractor. *See Fuller v. Rosinski*, 79 Wn.2d 719, 723, 488 P.2d 1061 (1971) (contractor who breached a construction contract by not installing a "proper lawn" allowed to recover the value of his work); *Golob v. George S. May Int'l Co.*, 2 Wn. App. 499, 468 P.2d

---

[1]Restitution is the return or restoration of what the defendant has gained in a transaction to prevent the unjust enrichment of the defendant. 1 Dobbs § 4.1(1). Quantum meruit is a form of restitution. It developed as a common count of the common law writ of assumpsit, allowing the plaintiff to recover for the value of services rendered to the defendant. 1 Dobbs, at §§ 4.2(1), 4.2(3); 5 Corbin § 1102.

[2]Indeed, Ducolon has not requested equitable relief. In its original complaint, it requested damages or recovery in quantum meruit for the reasonable value of its services to Shinstine. On appeal, it requests restitution of its alleged actual costs less Shinstine's progress payments.

707 (1970).[3] We hold that Restatement § 374(1) is an appropriate basis for measuring a defaulting plaintiff's restitution. *Accord Bailey-Allen Co. v. Kurzet,* 876 P.2d 421 (Utah Ct. App. 1994); *see also* Laurence P. Simpson, *Contracts* § 204 (2d ed. 1965); 3 Dan B. Dobbs, *Remedies* §§ 12.7(1), 12.20(2) (2d ed. 1993); 5 Corbin § 1112.

 In quantum meruit and restitution cases, Washington courts measure the reasonable value of the benefit conferred to the defendant in a variety of ways. *See, e.g., Losli v. Foster,* 37 Wn.2d 220, 232, 222 P.2d 824 (1950) (actual cost of labor and materials); *Irwin Concrete, Inc. v. Sun Coast Properties, Inc.,* 33 Wn. App. 190, 653 P.2d 1331 (1982) (contract price). Although early Washington cases limited recovery to the contract price, later cases suggest that this rule is not applicable in all cases. *See Dravo Corp. v. L.W. Moses Co.,* 6 Wn. App. 74, 91, 492 P.2d 1058 (1971) (citing early cases), *review denied,* 80 Wn.2d 1010 (1972); *see generally* Joseph M. Perillo, *Restitution in the Second* Restatement of Contracts, 81 Colum. L. Rev. 37, 44-45 (1981); *United States ex rel. Building Rentals Corp. v. Western Cas. & Sur. Co.,* 498 F.2d 335, 338 (9th Cir. 1974) ("The contract price, while evidence of reasonable value, is neither the final determinant of the value of performance nor does it limit recovery."). While many jurisdictions permit a nondefaulting contractor to recover in excess of the contract price, few, if any, oppose the view espoused by the Restatement[4] and permit a defaulting contractor to recover in excess of the contract price. *See, e.g., United States ex rel. Palmer Constr., Inc. v. Cal State Elec., Inc.,* 940 F.2d 1260 (9th Cir. 1991) (defaulting

---

[3]We recognize that at common law a plaintiff who willfully breached a contract could not recover restitution of his or her part performance. *Schmidt v. North Yakima,* 12 Wash. 121, 40 P. 790 (1895) (contractor who willfully and fraudulently refuses to comply with contract cannot recover); *Swenson v. Lowe,* 5 Wn. App. 186, 486 P.2d 1120 (1971) (restating *Schmidt* rule). Restatement § 374 and many jurisdictions reject the common law rule, allowing a defaulting party to recover for any benefit that he or she has conferred in excess of the loss caused by his or her own breach. Restatement § 374(1). *Lancellotti v. Thomas,* 341 Pa. Super. 1, 491 A.2d 117 (1985) (tracing the demise of the common law rule).

[4]Restatement (Second) of Contracts § 374 cmt. b (1981).

subcontractor cannot recover in excess of contract price); *see also* 5 Corbin § 1113 (Supp. 1994). Corbin adopts this rule, stating that in cases where the plaintiff defaults

> the plaintiff should not be allowed to profit by his own default, and for this reason, his recovery is not permitted to be in excess of the full contract price, even though the value received by the defendant from the plaintiff's part performance was greater than that amount.

5 Corbin § 1113, at 606.

Ducolon cites no authority for the proposition that a *defaulting* plaintiff can recover an amount in excess of the contract price from a defaulting defendant. The Restatement rule that a defaulting contractor cannot recover in excess of the contract price is sound; we approve of its application in this case where Ducolon's excess cost resulted from its own bid error for which it bore the risk.[5] Thus, the trial court did not err.

## B

The final issue with regard to the measure of Ducolon's award is whether a defaulting subcontractor's restitutionary award should be offset by the general contractor's cost to complete and repair the subcontractor's work when the general contractor is also in default. Ducolon, citing *Dravo*, at 92, argues that its award should not be reduced by Shinstine's cost to complete and repair because Shinstine elected to disaffirm the contract and thereby waived contract damages.[6]

■■ Under the Restatement, a defaulting party's award is offset by the loss caused by his or her part performance. Offsetting the award by the defendant's damages is appro-

---

[5] We also note that had Ducolon fully performed, it could not have recovered under quantum meruit for work outside the contemplation of the contract because no additional work was contemplated. *See Nelse Mortensen & Co. v. Group Health Coop.* 90 Wn.2d 843, 586 P.2d 469 (1978); Adam B. Brotman, Notes and Comments, *The Ties of Natural Justice: Restoring Quantum Meruit for Contractors in Washington,* 69 Wash. L. Rev. 431 (1994).

[6] *Dravo* is distinguishable because it involved a claim for work beyond the scope of the contract as in *Nelse Mortensen & Co.*

priate because restitution under section 374(1) is measured by the *benefit conferred to the defendant*. Thus, there can be no recovery unless the value of the plaintiff's part performance exceeds the amount of the defendant's injury. Simpson § 204. As a result, whether the defendant elects to affirm or disaffirm the contract is irrelevant to calculating the value of the benefit conferred to the defendant.

In Washington and most jurisdictions, the cost of completion and correction are remedies available to building contractors upon a subcontractor's default. *Eastlake Constr. Co. v. Hess*, 102 Wn.2d 30, 686 P.2d 465 (1984) (adopting Restatement (Second) of Contracts § 348 (1981) and allowing contractor to recover cost of completion and repair); *J&J Elec., Inc. v. Gilbert H. Moen Co.*, 9 Wn. App. 954, 516 P.2d 217 (1973), *review denied*, 83 Wn.2d 1008 (1974); *see generally* 5 Dobbs § 12.19(1). As a result, the trial court properly offset Ducolon's award by Shinstine's cost to complete and repair. Ducolon has not challenged the trial court's findings regarding Shinstine's costs incurred to complete and/or repair. They are verities on appeal. *Nordstrom Credit, Inc. v. Department of Rev.*, 120 Wn.2d 935, 845 P.2d 1331 (1993). Thus, the trial court did not err.

## II

The trial court dismissed Ducolon's lien, finding that the judgment was fully satisfied. Ducolon argues that the court should have foreclosed the lien pursuant to former RCW 60.04.010 (Laws of 1875, ch. 34, § 3).[7]

■ The purpose of a lien is to secure an amount owed by the contractor for materials and labor. *Jackson v. Flohr*, 227 F.2d 607, 611 (9th Cir. 1955), *cert. denied*, 350 U.S. 947 (1956). Actions to foreclose liens are equitable proceedings. *Alpine Indus., Inc. v. Gohl*, 30 Wn. App. 750, 760, 637 P.2d

---

[7]The Legislature repealed and recodified numerous provisions of the lien statute by Laws of 1991, ch. 281. The changes apply to improvements commenced by a lien claimant on or after June 1, 1992. RCW 60.04.902. The improvements by Ducolon were commenced before June 1, 1992, so the prior statutes are applicable. *See Schumacher Painting Co. v. First Union Mgt., Inc.*, 69 Wn. App. 693, 699 n.5, 850 P.2d 1361, *review denied*, 122 Wn.2d 1013 (1993).

998, 645 P.2d 737 (1981), *review denied*, 97 Wn.2d 1013 (1982). The trial court dissolved the lien, after Shinstine paid the $3,136, because it found that the lien was satisfied. Because the judgment was satisfied, there was no reason to foreclose the lien. The trial court did not err.

## III

The trial court awarded Shinstine statutory attorney's fees of $125 and costs of $197 in accordance with RCW 4.84.080. Shinstine argues that it is entitled to actual attorney's fees incurred defending Ducolon's lien action after it submitted a CR 68 offer of judgment because "costs" under CR 68 include actual attorney's fees.

CR 68 provides that a party may offer to allow judgment to be taken against him or her in exchange for an offer of money. An offeree can accept the offer within 10 days or allow it to expire and proceed with trial. However, "[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." CR 68.

Shinstine made a $17,500 offer to which Ducolon did not respond. As a result, Ducolon is liable for Shinstine's "costs", although neither party prevailed in the underlying actions.

In *Hodge v. Development Servs. of Am.*, 65 Wn. App. 576, 580, 828 P.2d 1175 (1992), Division One adopted the United States Supreme Court's holding in *Marek v. Chesny*, 473 U.S. 1, 87 L. Ed. 2d 1, 105 S. Ct. 3012 (1985) that costs under the offer of judgment rule include all costs "properly awardable" under the relevant substantive statute. Consequently, if the underlying statute defines costs to include attorney's fees, attorney's fees are "costs" under CR 68.

■ The issue in this case is whether a CR 68 offeror (Shinstine) can recover attorney's fees when the underlying statute permits the prevailing party to recover costs including reasonable attorney's fees neither party prevails and the Plaintiff (Ducolon) failed to obtain a judgment more favorable than the offer. Although, in *Marek*, the Supreme Court did not directly address this issue, lower federal courts have held that defendants must meet the criteria of the underly-

ing statute to recover attorney's fees. *EEOC v. Bailey Ford, Inc.* 26 F.3d 570 (5th Cir. 1994); *Crossman v. Marcoccio,* 806 F.2d 329 (1st Cir. 1986), *cert. denied,* 481 U.S. 1029 (1987); *Adams v. Wolff,* 110 F.R.D. 291 (D. Nev. 1986). Thus, in civil rights actions under 42 U.S.C. § 1988, the defendant can only recover attorney's fees if the defendant prevails and the plaintiff's action was frivolous, unreasonable, or without foundation as required by the underlying substantive statute. *Crossman,* at 334.

In this case, Ducolon brought an action under the former materialmen's lien foreclosure statute (RCW 60.04.130), which provides that "[t]he court may allow to the *prevailing party* in the action, whether plaintiff or defendant, as part of the costs of the action, . . . a reasonable attorney's fee in the superior court, court of appeals, and supreme court."[8] (Italics ours.) Former RCW 60.04.130 (Laws of 1975, ch. 34, § 9). Because Ducolon did not prevail, attorney's fees were not "properly awardable". The trial court correctly denied Shinstine's actual attorney's fees for defense of the lien.

We affirm.

SEINFELD, C.J., and MORGAN, J., concur.

---

[8]Where two adverse parties are awarded substantially equal claims against each other, neither party is "prevailing" for purposes of receiving attorney's fees under former RCW 60.04.130. *Burton v. Ascol,* 105 Wn.2d 344, 351, 715 P.2d 110 (1986).