[No. 45149. En Banc. November 9, 1978.]

NELSE MORTENSEN & CO., INC., ET AL, *Petitioners,* v. GROUP HEALTH COOPERATIVE OF PUGET SOUND, *Respondent.*

*Oles, Morrison, Rinker, Stanislaw & Ashbaugh, Bruce T. Rinker, Richard M. Stanislaw, Short, Cressman & Cable,* and *David R. Koopmans,* for petitioners.

*Houghton, Cluck, Coughlin & Riley, John W. Riley, Jack R. Cluck, William N. Mathias III,* and *Jay V. White,* for respondent.

*Herman S. Siqueland* and *Patrick A. Sullivan* on behalf of Associated General Contractors of America, Inc., *Slade Gorton, Attorney General, William G. Boland, Assistant, Parker Williams,* and *Douglas F. Graham,* amici curiae.

DOLLIVER, J.—Plaintiffs, prime and subcontractors, brought this action to recover damages caused by delays in the remodeling of and adding to the Group Health Hospital in Seattle. The trial court awarded plaintiffs damages of $614,782.77. The case was appealed to the Court of Appeals, and that court reversed. *Nelse Mortensen & Co. v. Group Health Cooperative,* 17 Wn. App. 703, 566 P.2d 560 (1977). We affirm the Court of Appeals and adopt as the opinion of this court the masterful opinion of the Court of Appeals written by Judge Pearson. Thus, there is no reason to recount here the particular facts, issues, and points of law involved.

■ There are, however, two matters which need further emphasis: (1) The trial court based its decision on what it held to be the unreasonable delays on the part of defendant. The Court of Appeals held the test to be whether the delays were within the contemplation of the parties, and not whether the owner–caused delays in and of themselves were unreasonable. This is the correct test. Thus, if it is determined the delays were within the contemplation of the parties no recovery is allowed.

In the words of the Court of Appeals:

> We hold, in summary, that if owner–caused delay in construction was of a nature contemplated by the parties and specific provisions of their contract provide a remedy, or the contract otherwise supplies a means of compensation for such delay, then the delay cannot be deemed unreasonable to the extent the contract terms should be abandoned in favor of quantum meruit recovery.

*Mortensen,* at 727. *See also Seattle v. Dyad Constr., Inc.,* 17 Wn. App. 501, 565 P.2d 423 (1977).

(2) *Seattle v. Dyad Constr., Inc., supra,* is distinguishable from this case. In *Dyad,* there was proof of active interference on behalf of the owner; this factor was not present here. The contract clause in dispute in *Dyad* provided an extension of time in the event of delay; here the contract not only granted a time extension for delay but expressly precluded additional compensation for damages due to delay. As the Court of Appeals stated in *Dyad,* at page 519:

> The delay was not contemplated by the parties at the time of the entering into of the contract, the delay was unreasonable in duration, and it resulted in part from the active interference of the owner with the work of the contractor.

Affirmed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, and HICKS, JJ., concur.