OSOLO SCHOOL BUILDINGS, INC.; School Buildings, Incorporated; and Pioneer National Title Insurance Company, Appellants, (Defendants Below)

v.

THORLEIF LARSEN & SON OF INDIANA, INC., Appellee (Plaintiff Below).

No. 3–484A105.

Court of Appeals of Indiana, Third District.

Jan. 29, 1985.

Rehearing Denied March 14, 1985.

Alan H. Lobley, Ice, Miller, Donadio & Ryan, Indianapolis, for appellant Osolo School Buildings, Inc.

Clifford A. Holleran, Holleran & Trexler, Fort Wayne, for appellee.

HOFFMAN, Judge.

In October of 1977, appellants Osolo School Buildings, Inc., and School Buildings, Incorporated (collectively referred to as Owner herein) invited construction bids for a project known as "Addition to and Remodeling of Hamilton Community Schools." The bids were to be submitted by February 23, 1978. Appellee Thorleif Larsen & Son (Contractor herein) submitted its bid which Owner accepted, and the parties entered into a contract dated June 17, 1978.

While the contract stated certain terms it also incorporated by reference the "General Conditions of the Contract for Construction," a document prepared by the American Institute of Architects. The portions of those conditions which are relevant to this appeal are as follows:

"3.2  INFORMATION AND SERVICES REQUIRED OF THE OWNER

\*  \*  \*  \*  \*  \*

3.2.4  Information or services under the Owner's control shall be furnished by the Owner with reasonable promptness to avoid delay in the orderly progress of the Work.

\*  \*  \*  \*  \*  \*

"8.3  DELAYS AND EXTENSIONS OF TIME

8.3.1  If the Contractor is delayed at any time in the progress of the Work by any act or neglect of the Owner, ... then the Contract Time shall be extended by Change Order for such reasonable time as the Architect may determine.

\*  \*  \*  \*  \*  \*

8.3.4  This Paragraph 8.3 does not exclude the recovery of damages for delay by either party under other provisions of the Contract Documents.

\*  \*  \*  \*  \*  \*

"12.3  CLAIMS FOR ADDITIONAL COST

12.3.1  If the Contractor wishes to make a claim for an increase in the Contract Sum, he shall give the Architect written notice thereof within twenty days after the occurrence of the event giving rise to such claim. This notice shall be given by the Contractor before proceeding to execute the Work, except in an emergency endangering life or property in which case the Contractor shall proceed in accordance with Paragraph 10.3. No such claim shall be valid unless so made. If the Owner and the Contractor cannot agree on the amount of the adjustment in the Contract Sum, it shall be determined by the Architect. Any change in the Contract Sum resulting from such claim shall be authorized by Change Order."

The parties entered the agreement dated June 17, 1978, but Owner did not issue its notice to proceed until July 26, 1978. During this period Contractor sent a letter to the architect dated July 17, 1978, asking the architect to inform the Owner that the delay might generate additional costs. The parties agree that the delay was due to Owner's inability to obtain the real estate

upon which the construction was to be done.

Due to the delay in the commencement of construction, Larsen was unable to perform work throughout the warm weather which the planned starting date would have allowed; this substantially hindered its performance. As a result, Contractor did not complete certain exterior protective walls before the inclement winter weather came, and its winter labor costs increased as labor efficiency decreased. Contractor incurred delay damages in the amount of $155,207.00.

Contractor completed the project on February 14, 1980; however, it did not submit a claim for its delay damages until October 9, 1980. In Contractor's suit to recover those damages, the trial court rendered a judgment in Contractor's favor and Owner appeals.

Under the express provisions of paragraph 3.2.4 of the contract's general conditions, Owner owed Contractor the duty to not delay the orderly progress of the work. While paragraph 8.3.1 allows Contractor an extension of contract time for Owner-caused delay, paragraph 8.3.4 makes it clear that Contractor is also entitled to a recovery of its delay damages. Furthermore, paragraph 12.3.1 states the procedure by which Contractor may make a claim for additional costs: notice must be given within twenty days after the occurrence of the event giving rise to the claim. The issue which is presented to this Court for review is whether or not a paragraph 8.3.4 claim for delay damages is governed by the paragraph 12.3.1 notice provisions for claims for additional costs.

■ A contract is construed most strongly against the party that prepares it. And the meaning of a contract is to be determined from an examination of all its provisions, not from a consideration of individual words, phrases or paragraphs alone. *Wabash Ford Truck Sales, Inc. v. Ford Motor Company* (1984), Ind.App., 472 N.E.2d 611.

Both parties have cited *Nelse Mortensen & Co., Inc. v. Group Health Cooperative of Puget Sound* (1977), 17 Wash.App. 703, 566 P.2d 560, *aff'd* (1978), 90 Wash.2d 843, 586 P.2d 469, as providing some authority for this appeal. While that case does involve a claim for delay damages, its dissimilarities make it inapplicable. In *Nelse Mortensen,* the construction contract limited the contractor's remedy for delay to extension of time and expressly precluded claims for delay damages. The Washington Court of Appeals noted the absence of standard paragraph 8.3.4 which expressly allows claims for delay damages, whereas in the instant case the contract does include that paragraph.

■ Here, Owner provided the contract which the parties entered into. The contract does not state that claims for delay damages must be presented within twenty days of the occurrence giving rise to the claim. However, Owner seeks to have this Court insert that provision, arguing that it already exists by the twenty-day requirement for additional cost claims. Owner in essence is arguing that delay damages fall within the scope of additional costs. Owner cites no authority in support of this contention.

Additional costs arise when construction is begun in a timely fashion and extra work is necessitated by changed specifications or unforeseen conditions. While the parties would seek to avoid additional costs, such costs can be contemplated by the parties as they occur frequently in construction situations. On the other hand, delay damages are extra costs that arise solely as a result of delay by the owner, contractor, or subcontractor. Party-caused delays are not contemplated by the parties, and the damages resulting therefrom should not be treated as additional costs. Delays are breaches of implied or express contractual provisions, whereas additional costs do not stem from any such breach. Therefore, in the absence of express language in the construction contract equating the treatment of claims for additional costs and

delay damages, they will not be treated the same.

The contract in question states the procedure for filing an additional cost claim. As the contract is silent as to the procedure for delay damage claims, this Court will not infer that the parties intended to treat claims for delay damages according to the same stringent requirements.

The trial court found that Contractor had been damaged in the amount of $155,207.00 by the Owner-caused delays. Owner has only raised the issue of whether the claim for those damages was bound by the paragraph 12.3.1 procedure for additional cost claims in the absence of any contractual provision for the filing of delay damage claims. As this Court has herein answered that inquiry in the negative, the trial court is affirmed.

Affirmed.

GARRARD, J., concurs.

STATON, P.J., concurs with opinion.

STATON, Presiding Judge, concurring.

I concur in the Majority opinion. Additional costs under this kind of contract are those costs which can be estimated by the contractor because of a necessary change in the construction plans. These changes are usually not anticipated but arise due to unforeseen engineering, structural, or site problems. They are changes which have to be made before substantial progress can be made in completing the project. An owner's delay on the other hand is an entirely different matter. There is virtually no way to estimate with reasonable accuracy the cost of a delay. For example, if the weather had been less severe in the present case, the damages would have been less. If the delay had concerned the timely delivery of materials or the availability of specialized subcontractors to finish certain parts of the construction, the cost could only be obtained after completion of the project because these types of delays tend to effect the cost of other work on the project. Therefore, the argument of the Owner that

delay damages fall within the scope of additional costs is spurious and without merit.